RUSH, RESPONDENT, v. LEWIS AND CLARK COUNTY ET
AL., APPELLANTS.

(No. 2,486.)

(Submitted January 24, 1908. Decided February 18, 1908.)

· [93 Pac. 943.]

*Tax Deeds—Validity—Tax Sales—Statutory Provisions—Strict
Construction—Counties—Competitive Bidders—Presumptions.*

Tax Deeds—County—Competitive Bidder—Effect.
    1.  A tax deed which showed on its face that a county had been a com-
petitive bidder at a sale for delinquent taxes, contrary to the provisions
of section 3882 of the Political Code, is void.

Same—Recitals.
    2.  The recitals in a tax deed must show affirmatively that the county
had a right to take the property and that it was not a competitive bid-
der at the sale.

Same—Statutes—Strict Construction.
    3.  A county cannot purchase lands at a tax sale unless authorized to
do so by law, and the provisions of the statute relative to sales for
delinquent taxes must be strictly pursued before the owner can be
divested of title.

Same—Construction—In Whose Favor.
    4.  A tax deed must be construed most strongly against him who claims
under it, and if one of two constructions will support the claim of
the person whose property has been taken, the deed will be held invalid.

Same—Invalidity—Presumptions.
    5.  Where a tax deed showed its invalidity upon its face, in that the
county had been a competitive bidder at the sale contrary to statute,
the presumption that official duty had been regularly performed will not
protect a grantee of the county, nor may in such a case the provisions
of section 3897, Political Code, making tax deeds *prima facie* evidence
of the fact, among other things, that the property was sold as pre-
scribed by law, be relied upon.

*Appeal from District Court, Lewis and Clark County; Henry
C. Smith, Judge.*

SUIT by T. C. Rush against Lewis and Clark county and
others.  From a judgment for plaintiff, and an order denying
a new trial, defendants appeal.  Affirmed.

*Messrs. McConnell & McConnell,* for Appellants.

*Mr. Massena Bullard,* for Respondent.

HONORABLE GEORGE B. WINSTON, Judge of the Third Judicial District, sitting in place of MR. JUSTICE SMITH, delivered the opinion of the Court.

This action was commenced for the purpose of having canceled and set aside two tax deeds, issued to Lewis and Clark county, for one hundred and sixty acres of land situated in said county, each deed being for eighty acres, and also a deed from Lewis and Clark county to the defendant, O. W. McConnell, and a deed from the said McConnell and his wife, Annie S. McConnell, to the defendant, E. N. Hart, for the same property. The lands described in them were assessed to Samuel E. Richardson, the owner, for the year 1900. The tax not having been paid, publication was duly made that the lands would be sold by the county treasurer to satisfy the delinquency, with costs, penalties, etc., and on January 25, 1901, they were sold and struck off to the defendant, the county of Lewis and Clark. At the expiration of the three-year period of redemption the county caused to be executed to it two deeds, one of said deeds being to the lands in section 5, and the other, to the lands in section 8. Subsequently the county, at public auction, sold the same to the defendant, O. W. McConnell, who conveyed to E. N. Hart. The action was instituted by Catherine Richardson, who had received a deed from Samuel E. Richardson, her husband, on March 11, 1905. Catherine Richardson subsequently deeded the property to T. C. Rush, the respondent herein, who was afterward substituted as plaintiff in the action. There was tendered with the complaint a sum sufficient to pay all the demands which the defendants, or any of them, might have against the property on account of taxes, penalties, interest and charges paid thereon.

It is alleged that both the tax deeds are void for a number of reasons growing out of the proceedings had by the treasurer, the principal one of which may be stated as follows: That each of the deeds is void on its face, for that it appears from the

recitals therein that at the sale of lands for taxes delinquent for the year 1900, had by the treasurer of Lewis and Clark county on January 25, 1901, the county of Lewis and Clark became the purchaser of the lands in controversy as a competitive bidder; whereas, under the provisions of law applicable, it could not become a purchaser at all, but could only take them by having them struck off to it by the treasurer after they had been offered for sale at auction on successive days and there was no *bona fide* bidder for them.

The court found the issues for the plaintiff, adjudged the tax deeds and the subsequent conveyances void, and directed that they be canceled of record. The defendants have appealed from the judgment and an order denying them a new trial. Many assignments of error are made in appellants' brief, but these do not require notice, for the reason that we are of the opinion that the tax deeds are void because of the recitals referred to, and that the judgment of the district court must therefore be affirmed.

The deeds are identical in every respect, except in the description of the property. The deed for the lands in section 5 recites: "That at said auction Lewis and Clark county was the bidder who was willing to take the least quantity or the smallest portion of the said land and pay the taxes, costs, and charges due thereon, which taxes, costs, and charges amounted to the sum of seven and 32/100 dollars; that the said least quantity or smallest portion of the said land, lying and being within the said county of Lewis and Clark, state of Montana, described as follows, to wit, land S. W. ¼, S. E. ¼, S. E. ¼, S. W. ¼, 80 acres in sec. 5, Tp. 12 N., R. 5 W., was by the said William Steele, as county treasurer aforesaid, struck off to the said Lewis and Clark county, who paid the full amount of the said taxes, costs, and charges, and thereby became the purchaser of the last described piece or parcel of land," etc.

Section 3882 of the Political Code provides, among other things, how the county may acquire property "struck off" to it for delinquent taxes, as follows: "* * * But in case there is no purchaser in good faith for the same, as provided in this

chapter, on the first day that the property is offered for sale, then when the property is offered thereafter for sale and there is no purchaser in good faith for the same, the whole amount of . the property assessed must be struck off to the county as the purchaser, and the duplicate certificate delivered to the county treasurer and filed by him in his office.'' This section prohibits the county from becoming a competitive bidder at the sale of property for delinquent taxes, and it can only acquire it when there is no other purchaser in good faith; and the recitals in the deed must show the right of the county to take the property, and that it did not enter the lists as a competitive bidder for the same.   Unless the recitals of the deed show these things, or if the deed recites, ·as does the deed in question, matters showing that the county was a competitive bidder at the sale, the deed on its face is void.   (*Norton* v. *Friend*, 13 Kan. 532.; *Magill* v. *Martin*, 14 Kan. 67; *Babbitt* v. *Johnson*, 15 Kan. 252;. *Larkin* v. *Wilson*, 28 Kan. 513; *Hanenkratt* v. *Hamil*, 10 Okla. 219, 61 Pac. 1050; *Keller* v. *Hawk* (Okla.), 91 Pac. 778.)

The county cannot purchase lands at a tax sale unless authorized to do so by statute, and a strict compliance with the statute must be had before the title of the owner can be divested,. and the conduct of those vested with the power to sell lands for delinquent taxes must be closely scrutinized, in order that there may be some security for property rights.   The officer who makes the sale sells that which he does not own.   The proceedings are to a large extent *ex parte*, the owner is an unwilling party, is seldom, if ever, present at the sale, is generally ignorant of it, and the tax almost always bears a very small proportion to the value of the property sold.   Upon these considerations it has generally been held that proceedings on tax sales should strictly comply with the statute; and this is the construction of the law recently applied by this court in the case of *North Real Estate L. & T. Co.* v. *Billings L. & T. Co.*, 36 Mont. 356, 93 Pac. 40.

Counsel for appellants contend that the presumption that official duty has been regularly performed and that the law has

been obeyed, as well as the provisions of section 3897 of the Political Code, making tax deeds *prima facie* evidence of certain matters, should protect the purchaser at a tax sale. But they cannot prevail against the presumption which must be drawn from the wording of the deed; and, where two presumptions may be drawn therefrom, that one must be indulged which is most favorable to the owner of the property. A tax deed must be construed most strongly against him who claims under it, and, if one of two constructions will support the claim of the citizen, the deed must be held invalid. When we look at the recitals of the deeds before us, and apply to them this rule of construction, it is apparent that the county became a competitive bidder, and that each of them is void on the face. The tax deeds, the foundation of defendant Hart's title, being void, it necessarily follows that the subsequent conveyances under which he claims title are also void.

For these reasons, we think the judgment of the lower court should be affirmed; and it is so ordered.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing granted March 28, 1908, on the questions: What significance, if any, attaches to the recitals in the tax deeds touching the method by which the county obtained title to the lands in controversy? Are these recitals surplusage or not?