RUSH, RESPONDENT, v. LEWIS & CLARK COUNTY ET AL., APPELLANTS.

(No. 2,486.)

(Submitted May 4, 1908. Decided May 25, 1908.)

[95 Pac. 836.]

*Tax Deeds—Validity—Counties—Competitive Bidders.*

Tax Deeds—Recitals—Counties—Competitive Bidders.
   1. A statement in a deed conveying land sold to a county for taxes that the property was offered for sale "in accordance with law," having been merely a statement of a conclusion of law, could impart no validity to the deed, where the plain recitals therein showed that the sale was had at public auction at which the county was a competitive bidder, contrary to the provisions of section 3882, Political Code.

Same.

2.   Where a county becomes a purchaser of property at a tax sale because there are no cash purchasers, the certificate of sale, as well as the deed, should show that there was no purchaser in good faith for the property on the first day the property was offered for sale, that when the property was thereafter offered, there was no purchaser in good faith for the same, and that the whole amount of the property assessed was struck off to the county as a purchaser, and should otherwise truthfully state the facts; hence, a tax deed to a county, which did not set out the facts showing why the sale was made to the county, and not to an individual purchaser, was insufficient, though it recited the matters required by law to be recited in a tax deed to an individual.   (On rehearing.   Affirmed.)

(For former opinion, see 36 Mont. 566, 93 Pac. 943.)

*Messrs. McConnell & McConnell, Mr. Albert J. Galen,* and *Mr. E. M. Hall,* Assistant Attorney General, for Appellants.

*Mr. Massena Bullard,* and *Mr. Edward Horsky,* for Respondent.

HONORABLE GEORGE B. WINSTON, Judge of the Third Judicial District, sitting in place of ASSOCIATE JUSTICE SMITH, delivered the opinion of the court.

A rehearing was granted herein, on the appellants' motion, upon the questions: What significance, if any, should be given to the recitals in the tax deeds touching the method by which the county of Lewis and Clark obtained title to the lands in controversy?   Are these recitals surplusage or not?

Counsel for appellants contend that the deeds do not affirmatively show that the county was a competitive bidder, because they show that the county took *all* the lands for the taxes; and the statement in the deeds "that at said auction Lewis and Clark county was *the bidder* who was willing to take *the least quantity or smallest portion* of said land and pay the taxes," etc., as well as the statement that the land "was by said county treasurer aforesaid, on the twenty-fifth day of January, 1901, in accordance with law, to pay said taxes, charges and costs delinquent as aforesaid, offered at public auction in front of the county treasurer's office," show affirmatively that there was no other bidder for said lands, and therefore no competitive bidding; and that the recitals in the deeds as to the method by which the

county of Lewis and Clark obtained title to the lands in controversy are not necessary to the validity of the deeds, and should be treated as surplusage. Appellants further contend that the presumptions "that official duty has been regularly performed" and "that the law has been obeyed" prevail, until they are overcome by competent evidence, and that there is nothing in the deeds to overcome these presumptions. We cannot sustain this contention, in the light of the recitals in the deeds.

The statement in the deeds that the land was offered "in accordance with law," was merely a statement of a conclusion of law, and can impart no validity to the deeds, especially in the face of the plain recitals in the deeds to the effect that the property was sold at public auction, and the county of Lewis and Clark was a bidder at such auction.

It is contended by appellants that, so long as a tax deed to a county recites the matters required by law to be recited in a tax deed to an individual, and does not affirmatively show that the statute, in respect to the county as a bidder, was not complied with, it is a valid deed. But, as has been heretofore said, the deeds in question show that the statute was not complied with. While the statute provides no set form of deed for either a cash purchaser or a county, it is apparent that it was the intention of the legislature that, in the case of both the cash purchaser and the county, the truth of the transaction should be shown. As was said in the case of *Dyke* v. *Whyte,* 17 Colo. 296, 29 Pac. 128, "The difference between the rights and privileges of a cash purchaser and the duties of the treasurer, as a bidder for the county at a tax sale under the statute, is quite manifest. The treasurer is authorized to sell for cash only so much of each parcel of land as shall be sufficient to pay the taxes and charges thereon, including all costs and penalties; but when it shall become the treasurer's duty to bid off any parcel of land for the county, he is authorized to bid off the whole parcel for the amount of the taxes, interest and costs thereon. The cash purchaser may buy the first time the land is offered for sale; but

the treasurer cannot lawfully bid off the property for the county on the first day it is offered. The land must be offered without any bidder on the first day, and reoffered on the succeeding day or days without any bidder therefor, and until the treasurer becomes satisfied that the same cannot be sold at such sale, before it can be lawfully bid off by the treasurer for the county. The statute will not uphold a county in taking the whole of any parcel of land for the nonpayment of the delinquent taxes thereon, except in a case where, after allowing full opportunity to cash purchasers, the amount of the taxes and other charges cannot be realized. A cash purchaser may be satisfied to take a part of the land for the amount of the taxes and charges. The law does not wantonly allow the whole of a debtor's estate to be sacrificed when a part may suffice. * * * The form prescribed for cash purchases was doubtless deemed a sufficient and appropriate guide to be substantially followed as far as its terms are applicable to the county as a bidder, and to be varied only so far as may be necessary to show the truth of the transaction in substance. If such deed were to contain recitals showing that the terms of the statute, in respect to the county as a bidder or otherwise were not complied with, it would not be a valid deed.''

The provisions of our Code respecting the sales of property for delinquent taxes are very general in their terms, and apply primarily to sales to cash purchasers; but, as said above by the Colorado court, they were doubtless deemed sufficient, by the legislature, to furnish a guide in case property should be struck off to the county, and it was no doubt taken for granted that in such cases the treasurer would so vary the form of the certificate and deed as to make them state the facts as they actually existed. So, where a county becomes the purchaser of property at a tax sale because there are no cash purchasers, the certificate of sale, as well as the deed, should show that there was no purchaser in good faith for the property on the first day that the property was offered for sale, and that, when the property was thereafter offered for sale, there was no purchaser in good faith for the same, and that the whole amount of the property

assessed was struck off to the county as a purchaser, and should otherwise truthfully state the facts.

For the reasons set forth in the former opinion of the court, and for the reasons herein stated, we adhere to our former decision.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.