HORSKY, Respondent, *v.* McKENNAN et al., Appellants.

(No. 3,702.)

(Submitted September 21, 1916. Decided November 20, 1916.)

[162 Pac. 376.]

*Ejectment — Trusts—Tax Deeds—Invalidity—Faulty Description of Land—Sale en Masse—Adverse Possession—Estoppel —Statute of Limitations—Appeal and Error—New Trial Order.*

Appeal and Error—New Trial Order—Affirmance, When.
  1.  Where an order granting a new trial is general, it will be af-firmed if substantial error occurred in respect to any of the grounds urged; it being presumed that the order was made because of such error.

Trusts — Real Property — Wrongful Transfer by Trustee — Burden of Proof.
  2.  The burden of proving that a conveyance of real property made by a trustee in contravention of an express trust is void, rests upon him who asserts the invalidity of the instrument.

Real Property—Tax Deeds—Preliminary Notice.
  3.  The reception of tax deeds in evidence without proof of the fact that the holder of the certificates of purchase gave the thirty day notice of his intention to apply for the deeds, as required by sections 3895 and 3896, Political Code of 1895 (Rev. Codes, secs. 2651, 2652), was error.

Same—Tax Deeds—Notice—Evidence.
  4.  A tax deed is not even *prima facie* evidence that the holder of the certificate, before applying for the deed, gave the thirty day notice of intention to apply therefor required by law to be given before the deed could issue.

Same—Tax Deeds—Indefinite Description of Land—Effect.
  5.  A description of land in a tax deed so indefinite that the prop-erty (city lots) intended to be conveyed could not be identified except by inference, was ineffective.

Same—Sale *en Masse*—Void Tax Deed.
  6.  A tax deed, showing on its face that it was based on a sale *en masse* of several noncontiguous parcels, was void.

Same—Tax Deeds—Estoppel.
  7.  Tax deeds are antagonistic to the fee; there is no privity be-tween the holder of the one and the holder of the other, and neither owes any duty to, nor is estopped from making any claim against, the other.

Same—Tax Deeds—Estoppel—Case at Bar.
  8.  That the holder of the fee signed assessment-lists containing faulty descriptions of the property later sold for unpaid taxes; that, though present at the sale, he did not object to the method adopted; and that it was at his instance that the purchaser at the sale ap-

peared, did not estop him to contest the validity of the deeds on the grounds mentioned in paragraphs 5 and 6, *supra*.

Same—Void Tax Deeds—Adverse Possession.

9. While tax deeds, void on their face, were ineffectual to constitute title, they were evidence of a claim of title ample to sustain a *possessio pedis*, sufficient, under general statutes of limitation, to support adverse possession of the lands adequately described.

Same—Ejectment—Adverse Possession—Trusts—Evidence.

10. Where defendants in ejectment relied on adverse possession under tax deeds for more than the statutory period, as well as on estoppel, refusal of an offer of proof that they went into possession under a trust agreement under which they were to hold the property until from the rents and profits thereof they had reimbursed themselves for moneys owing to and for outlays made by them in caring for it, whereupon reconveyance should be made to plaintiff, was error.

Same—Tax Deeds—Action to Set Aside—Statute of Limitations.

11. Chapter 50, Laws of 1909, providing that a right of action to annul a tax deed shall be barred unless instituted within two years after its issuance, presupposes a valid instrument; hence one which is void on its face, and is therefore not a deed but a nullity, does not come within the purview of such provision.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by Joseph Horsky against Samuel McKennan and another. From an order granting new trial, defendants appeal. Affirmed.

*Messrs. Gunn, Rasch & Hall,* for Appellants, submitted a brief, and one in reply to that of Respondents; *Mr. M. S. Gunn* argued the cause orally.

The provisions of section 4549, Revised Codes, could not be avoided or circumvented by the mere recital in the deed of reconveyance of the payment of debts and the performance of the trust under the deed of assignment. (See *Briggs* v. *Palmer,* 20 Barb. (N. Y.) 392; *Russell* v. *Russell,* 36 N. Y. 581, 93 Am. Dec. 540; *Cruger* v. *Jones,* 18 Barb. (N. Y.) 467.) Possession of the premises having been voluntarily turned over to Steinbrenner and Adami to hold the property until the trust had been performed, their possession was rightful, and could not be disturbed until the purpose for which possession was originally taken had been fully accomplished. (*Spect* v. *Spect,*

88 Cal. 437, 22 Am. St. Rep. 314, 13 L. R. A. 137, 26 Pac. 203; *Hubbell* v. *Moulson,* 53 N. Y. 225, 13 Am. Rep. 519; *Kelso* v. *Norton,* 65 Kan. 778, 93 Am. St. Rep. 308, 70 Pac. 896; *Fee* v. *Swingly,* 6 Mont. 596, 13 Pac. 375.)

The description of the property conveyed by tax deeds was sufficient. (1 Cooley on Taxation, 3d ed., 740, 742; *Best* v. *Wohlford,* 144 Cal. 733, 78 Pac. 293; *Oregon R. Co.* v. *Umatilla County,* 47 Or. 198, 81 Pac. 352; *Masonic Bldg. Assn.* v. *Brownell,* 164 Mass. 306, 41 N. E. 306; *Lick* v. *O'Donnell,* 3 Cal. 59, 58 Am. Dec. 383; *Slaughter* v. *City of Dallas,* 101 Tex. 315, 107 S. W. 48; *Holley's Exr.* v. *Curry,* 58 W. Va. 70, 112 Am. St. Rep. 944, 51 S. E. 135.)

The statute in force from 1893 to 1896, and which is still in force, required every owner to make return to the county assessor, and the plaintiff cannot now be heard to say that the description was insufficient. (*San Francisco* v. *Flood,* 64 Cal. 504, 2 Pac. 264; *Lake County* v. *Sulphur Bank Q. Min. Co.,* 68 Cal. 14, 8 Pac. 593; *Dear* v. *Varnum,* 80 Cal. 86, 22 Pac. 76; *Central Pac. R. Co.* v. *California,* 162 U. S. 91, 40 L. Ed. 903, 16 Sup. Ct. Rep. 766; *Jeffries* v. *Clark,* 23 Kan. 448; *Benton* v. *Merrill,* 68 N. H. 369, 39 Atl. 257; *Cairo V. & C. Ry. Co.* v. *Mathews,* 152 Ill. 153, 38 N. E. 623; *Inland Lumber & T. Co.* v. *Thompson,* 11 Idaho, 508, 114 Am. St. Rep. 274, 7 Ann. Cas. 862, 83 Pac. 933; *Board of Commrs.* v. *Anderson,* 68 Fed. 341, 345, 15 C. C. A. 471.)

Neither the fact that the property conveyed by the tax deeds was sold in bulk, nor defects in the notice of redemption, can avail the plaintiff. The statutes which prescribed the mode and manner of sales of property for delinquent taxes in force prior to 1891, and which this court considered and construed in the case of *North Real Estate Loan & T. Co.* v. *Billings Loan & T. Co.,* 36 Mont. 356, 93 Pac. 40, were abrogated, and a different method was provided by the Revenue Act of 1891, under which the sales in this case were had. Section 115 of that Act (now sec. 2638, Rev. Codes), provides how property on which the taxes

have become delinquent shall be sold. It confers primarily upon the owner the right to designate how his property should be sold, and in case of his failure to do so, the authority to designate is given to the county treasurer. Plaintiff was present at the time of the sale, with a purchaser procured by himself, and who purchased at the plaintiff's solicitation and for the plaintiff's convenience and accommodation. He might have spoken then, but he remained silent. The property was sold just as the plaintiff meant and intended that it should be sold, and he cannot repudiate it now. (*Hewes* v. *McLellan,* 80 Cal. 393, 22 Pac. 287; *Rollins* v. *Woodman,* 117 Cal. 516, 49 Pac. 455; *Hayes* v. *Ducasse,* 119 Cal. 682, 52 Pac. 121.)

By the amendment of section 2654, Revised Codes, attack upon a tax deed upon any ground whatever is precluded after the expiration of two years. (*Ashley Co.* v. *Bradford,* 109 La. 641, 33 South. 634; *Oconto County* v. *Jerrard,* 46 Wis. 317, 50 N. W. 591; *Bryan* v. *McGurk,* 200 N. Y. 332, 93 N. E. 989; *Mead* v. *Nelson,* 52 Wis. 402, 8 N. W. 895.)

The objection made upon the introduction of the tax deeds in evidence was that they were inadmissible "unless the precedent steps that will authorize the issuance of the tax deeds have been shown to have been fully complied with" was not well taken. (See *Oconto County* v. *Jerrard, supra; Pillow* v. *Roberts,* 13 How. (54 U. S.) 472, 14 L. Ed. 228, and *Saranac L. & T. Co.* v. *Roberts,* 177 U. S. 318, 44 L. Ed. 786, 20 Sup. Ct. Rep. 642.) So in South Dakota, where the statute required notice of redemption, or of the application for a deed to be given, and where it was contended that that had not been done, it was held in *Bandow* v. *Wolven,* 20 S. D. 445, 107 N. W. 204, that such omission after the lapse of the statutory limitation was immaterial. To the same effect are *Fleming* v. *Stearns,* 66 Wash. 655, 120 Pac. 522, *Hoko River Boom Co.* v. *Fairservice,* 69 Wash. 357, 125 Pac. 145, *Bullis* v. *Marsh,* 56 Iowa, 747, 2 N. W. 578, 6 N. W. 177, *Monk* v. *Corbin,* 58 Iowa, 503, 12 N. W. 571, and *Muller* v. *Mazerat,* 109 La. 116, 33 South. 104.

*Messrs. Purcell & Horsky* and *Mr. H. G. McIntire,* for Respondent, submitted a brief; *Mr. McIntire* argued the cause orally.

It is incumbent that one offering a tax deed in evidence must prove a compliance with all statutory requirements. Without such proof the deeds are inadmissible. (*Walsh* v. *Burke,* 134 Cal. 594, 598, 66 Pac. 866; *Johnson* v. *Canty,* 162 Cal. 391, 123 Pac. 263; *Johnson* v. *Taylor* 150 Cal. 201, 119 Am. St. Rep. 181, 10 L. R. A. (n. s.) 818, 88 Pac. 903.) The certificates of sale do not state where the property is situated, *i. e.,* no town or city is designated. The court cannot take judicial notice that these lands are situated in Helena. (*Oldham* v. *Ramsner,* 149 Cal. 540, 87 Pac. 18, 19.) The description shown is bad, and cannot be aided by evidence *aliunde.* (*Keane* v. *Cannovan,* 21 Cal. 291, 293, 82 Am. Dec. 738; *Roberts* v. *Chan Tin Pen,* 23 Cal. 259, 267; *Wilson* v. *Jarron,* 23 Idaho, 563, 131 Pac. 12; *Pope* v. *Alexander,* 36 Mont. 82, 83, 92 Pac. 203, 565; 7 R. C. L. 713, 716; 37 Cyc. 1445–1449.) "Every requisite having the semblance of benefit to the owner must be complied with, and where the form of a statutory proceeding is prescribed, its observance becomes essential to the validity of the proceedings." (*Shipman* v. *Forbes,* 97 Cal. 572, 32 Pac. 599; *Warden* v. *Broome,* 9 Cal. App. 172, 98 Pac. 252.)

The notice of intention to apply for tax deeds, together with the record thereof, is jurisdictional (Rev. Codes, sec. 2652). It is the source and measure of the treasurer's power to act; the burden is upon the purchaser to show that it was given; it cannot be presumed. And evidence *dehors* the notice and affidavit is inadmissible. (*Cullen* v. *Western Mortgage etc. Co.,* 47 Mont. 513, 526, 527, 134 Pac. 302; *Simmons* v. *McCarthy,* 118 Cal. 622, 50 Pac. 761; *Brown* v. *Pool,* 81 Iowa, 455, 9 L. R. A. 767, 46 N. W. 1069; *Reed* v. *Lyon,* 96 Cal. 501, 31 Pac. 619; *Wetherbee* v. *Johnston,* 10 Cal. App. 264, 101 Pac. 802; *Clarke* v. *Mead,* 102 Cal. 516, 36 Pac. 862; *Walsh* v. *Burke,* 134 Cal. 594, 66 Pac. 866; *Emeric* v. *Alvarado,* 90 Cal. 444, 27 Pac. 356; *Johnson* v.

*Taylor,* 150 Cal. 201, 119 Am. St. Rep. 181, 10 L. R. A. (n. s.) 818, 88 Pac. 903.)

The deeds show that the property sold consisted of separate, distinct and nonadjacent parcels, and that the same were sold *en masse.* This, standing alone, would render them void on their face. (*North Real Estate Loan etc. Co.* v. *Billings L. & T. Co.,* 36 Mont. 356, 93 Pac. 40; *Eldridge* v. *Robertson,* 19 Okl. 165, 92 Pac. 156.) Parol evidence to show that parcels were sold separately is inadmissible. (*Wyer* v. *La Rocque,* 51 Kan. 710, 33 Pac. 547.)

The deed to the parcels situated on lot 14 of the Thompson Placer is broader than the certificate of sale, in that the city where the land is situated is named. This the treasurer had no right to amplify, the rule being that if the prior description is imperfect and insufficient, evidence cannot be had to amplify it, and the deed is void. (*Eastman* v. *Gurrey,* 15 Utah, 410, 49 Pac. 310; *Wilson* v. *Jarron,* 23 Idaho, 563, 131 Pac. 12.)

"A tax deed of one-fourth No. 5 R. 8 W. E. L. S. is void for vagueness of description of the premises as it leaves undefined which 'fourth.'" (*Larrabee* v. *Hodgkins,* 58 Me. 412.) This description is void for uncertainty. (37 Cyc. 1447.)

A tax deed void on its face, or void because of failure to comply with some jurisdictional prerequisite, does not start the statute of limitations. (*Empire Ranch & Cattle Co.* v. *Brownson,* 26 Colo. App. 228, 142 Pac. 421; *Steinmuller* v. *City of Kansas,* 3 Kan. App. 45, 44 Pac. 600; *Taylor* v. *Miles,* 5 Kan. 498, 7 Am. Rep. 558; *Lain* v. *Shepardson,* 18 Wis. 59, 64; *Keller* v. *Hawk,* 19 Okl. 407, 91 Pac. 778; *Coulter* v. *Stafford,* 56 Fed. 564, 6 C. C. A. 18; Cooley on Taxation, p. 564.)

A tax deed which discloses that distinct parcels of land were sold together for a gross sum is void on its face, and does not set running a special statute of limitations. (27 L. R. A. (n. s.) note, p. 355.)

The settled doctrine of the courts concerning tax proceedings is that every requisite having the semblance of benefit to the owner must be complied with. (*Birney* v. *Warren,* 28 Mont.

64, 68, 72 Pac. 293; Cooley on Taxation, 266, 274; *Weyse* v. *Crawford,* 85 Cal. 196, 24 Pac. 735; *Shipman* v. *Forbes,* 97 Cal. 572, 32 Pac. 599.)

MR. JUSTICE SANNER delivered the opinion of the court.

This is an appeal from an order granting a new trial. The [1] order is general, but the grounds urged in support of it were based upon the action of the trial court in directing a verdict for the defendants and upon sundry rulings in the admission and exclusion of evidence. If substantial error occurred in respect to any of these, the order must be affirmed upon the assumption that it was made because of such error.

The action is in ejectment, and, according to the complaint, involves certain parcels of land situate in the city of Helena. Of these, the plaintiff, respondent here, alleges that he is the owner and entitled to the possession; he also avers that on May 7, 1914, the defendants without right or title ousted and ejected him therefrom, and that they have ever since unlawfully withheld, and now unlawfully withhold, such possession from him. The answer is elaborate. Its effect is a general denial; a plea of title and right to possession under and by virtue of two certain tax deeds issued to Henry Adami and John Steinbrenner; a plea of adverse possession since March 1, 1897, under said tax deeds; separate pleas of Code sections 6432, 6436, and 2654 (as amended by Chapter 50, Session Laws of 1909), as statutes of limitation; and a plea of estoppel to deny title, based upon plaintiff's knowledge and acquiescence since March 1, 1897, in the procurement of said tax deeds by Adami and Steinbrenner, the delivery of the property to them, and the payment by them of large sums of money for care of the property, improvements thereon, and taxes, as well as upon actual recognition by the plaintiff of their ownership and dominion over said property in virtue of said tax deeds. The affirmative allegations of the answer were put in issue by the reply.

I. Upon the trial the plaintiff, to show title, established [2] that on August 2, 1893, he was the owner of the premises in

question; that on that day he made a deed of assignment thereof for the benefit of his creditors to Antone Horsky, and that on May 7, 1914, Antone Horsky reconveyed the same to him by formal deed, reciting, among other things, that "the conditions, terms and trusts of said deed of assignment" had been completed and fulfilled. The sufficiency of this showing was challenged by a motion for nonsuit, and that challenge is renewed here upon the ground that without proof *aliunde* of full compliance with the conditions, terms and trusts of the deed of assignment, the reconveyance had no probative value because, under section 4549, Revised Codes, every transfer or other act of the trustees of an express trust in relation to real property, in contravention of such trust, is absolutely void. This contention misplaces the burden of proof. Whether section 4549 be viewed alone and held, as in New York, to mean that such conveyances are absolutely void into whatever hands they come (*Briggs* v. *Palmer,* 20 Barb. (N. Y.) 392; *Russell* v. *Russell,* 36 N. Y. 581, 93 Am. Dec. 540), or considered in connection with provisions similar to section 5386, and held, as in other states, to mean that such conveyances are voidable in the hands of a grantee with notice at the suit of the party aggrieved (note, 19 Am. St. Rep. 267, 297), it is perfectly clear that not all conveyances by such trustees are *prima facie* void or voidable. They are void or voidable only if made in contravention of the trust, and as this presumably is not the character of any given conveyance, the burden is necessarily upon him who asserts, to prove that such is its character.

II. The defendants grounded their resistance upon title under and by virtue of the tax deeds. These were made and delivered in purported pursuance of certificates previously issued upon sales for delinquent taxes for 1893 and 1894, and were received in evidence over the plaintiff's objection that they were inadmissible without a showing of compliance with the precedent steps required by law for their issuance, and because, being deficient in description and showing a sale *en masse,* they are void upon their face. Later the plaintiff himself offered the certifi-

cates of sale upon which the deeds purport to be based, and also the notices of application for the deeds, for the purpose of affirmatively showing that the statutory prerequisites had not been met; and these were all rejected as immaterial and irrelevant, in view of the provisions of Code section 2654, as amended by Chapter 50, Session Laws of 1909.

(a) The deeds in question were issued February 26, 1897. An [3, 4] essential prerequisite to their issuance was that the holders of the certificates should, thirty days before applying for such deeds, give, in a certain manner, a certain kind of written notice of their intention to apply for such deeds (Laws 1891, p. 114, secs. 128, 129; Pol. Code 1895, secs. 3895, 3896 [Rev. Codes, secs. 2651, 2652]), and it is settled in this state that a tax deed is not even *prima facie* evidence that this was done. (*Cullen* v.*Western Mtg. & W. Title Co.*, 47 Mont. 513, 527, 134 Pac. 302.) The deeds, therefore, should not have been received in the first instance without proof of that fact, unless, as the defendants insist, the effect of Code section 2654, as amended, is to foreclose all inquiry into such matters.

(b) The deed given for the taxes of 1893 recites the steps [5] leading up to the sale, and says: "That the least quantity or smallest portion of the property assessed, situate, lying and being within the said county of Lewis and Clark, state of Montana, and described thus: Part of lot number fourteen (14) Thompson Placer being 214 feet on the east side of Main Street and 216 feet on the west side of Main Street and 224 feet on the east side of Gulch Street, and 224 feet on the west side of Gulch Street, also lot fifteen (15) Thompson Placer, and lot ten (10) and eleven (11) block five hundred and sixty-nine (569) Central Addition was by such county treasurer aforesaid, on the nineteenth day of January, 1894, in accordance with law and to pay said taxes, charges and costs delinquent as aforesaid offered at public auction in front of the county courthouse of said county of Lewis and Clark in the city of Helena therein. That at said auction Ella L. Knowles was the bidder who was willing to take the least quantity or the smallest portion of the

said land and pay the taxes, costs and charges due thereon, which taxes, costs and charges (including fifty cents for the certificate of sale) amounted to the sum of two thousand sixty-three and 70/100 dollars; that the said least quantity or smallest portion of the said land, lying and being within the said county of Lewis and Clark, state of Montana, described as follows, to-wit: One-half of part of lot 14 Thompson Placer, being 214 feet east side of Main Street, and 216 feet west side of Main Street, and 224 east side of Gulch Street, and 224 feet west side of Gulch Street, also lot 15 Thompson Placer, and lots 10, 11, block 569, Central Addition was by the said R. P. Barden as county treasurer aforesaid, struck off to the said Ella L. Knowles, who paid the full amount of the said taxes, costs and charges and therefore became the purchaser of the last-described piece or parcel of land; that the said real estate last aforesaid was sold for taxes and subject to redemption pursuant to the statute in such cases made and provided''—and is therefore granted and conveyed to John Steinbrenner and Henry Adami, the assignees of such purchasers. In neither description above quoted, nor anywhere else in this deed, is there anything to tell where in Lewis and Clark county the property offered, sold, and conveyed is situate; nor, drawing upon information otherwise had, that the property is in Helena, is it possible to visualize or locate the part of lot 14, Thompson Placer, which was offered for sale. We may infer that Main and Gulch Streets run approximately north and south, since they have east and west sides, so that the land, considered as a single tract, has a specified frontage on each side of these streets; but at what points on each of these streets the frontage begins and ends, and how far back of such frontage the property goes, we cannot tell. These frontages are mere lines, and the utmost derivable from the description is that somewhere within the limits of lot 14, Thompson Placer, there is a widening tract of indefinite dimensions which crosses the east side of Main Street with a spread of 214 feet, the west side with 216 feet, and Gulch Street with 224 feet. Moreover, not all the part of lot 14, Thompson Placer, which was

offered was sold, but only one-half of said part; which half, or
whether an undivided half interest, we are not informed. A
description in a tax deed which is so indefinite that the land in-
tended to be conveyed cannot be identified is ineffective. (37 Cyc.
1445 *et seq.;* Black on Tax Titles, secs. 405–407; Blackwell on
Tax Titles, secs. 758–769; *McRoberts* v. *McArthur,* 62 Minn.
310, 64 N. W. 903; *Moran* v. *Thomas,* 19 S. D. 469, 104 N. W.
212; *Keane* v. *Cannovan,* 21 Cal. 291, 301 *et seq.,* 82 Am. Dec.
738; *Dickinson* v. *Arkansas City Imp. Co.,* 77 Ark. 570, 113
Am. St. Rep. 170, 92 S. W. 21.)

(c) As a matter of fact, however, the deed shows on its face—
[6] if the property be in the city of Helena—that the part of
lot 14, Thompson Placer, attempted to be described is not and
cannot be a single tract. It is severed by both Main and Gulch
Streets, so that we have at least three, and perhaps four, separate,
noncontiguous parcels, *viz.,* a parcel of unknown depth with 214
feet frontage on the east side of Main Street; a parcel with 216
feet frontage on the west side of Main Street, and (if Gulch
Street be the next parallel street on the west with no alley inter-
vening) a 224 feet frontage on the east side of Gulch Street, or
else two parcels of unknown depth having these separate front-
ages; and a parcel of unknown depth with a frontage of 224 feet
on the west side of Gulch Street. (*North Real Estate, Loan etc.
Co.* v. *Billings L. & T. Co.,* 36 Mont. 356, 367, 93 Pac. 40.)
Besides these, we have lot 15, Thompson Placer, and lots 10 and
11 in block 569, Central Addition—all offered for sale and sold
*en masse.* Such a sale has been thrice condemned by this court
as in contravention of the Revised Statutes of 1879, without refer-
ence to any provision such as section 115 of the Revenue Law of
1891. (*Casey* v. *Wright,* 14 Mont. 315, 36 Pac. 191; *North Real
Estate, Loan etc. Co.* v. *Billings L. & T. Co., supra; Cullen* v.
*Western Mtg. etc. Co., supra.*) Every consideration which
moved to the result in those decisions applies here—the assess-
ment-book must *list* all the property within the county, specify-
ing open land by legal subdivisions or by metes and bounds, and
city property by lot and block, with the values extended, a *list*

of the delinquent property must be filed and advertised, "showing the amount of taxes and costs due opposite each name and description," the county treasurer must sell the property advertised, "commencing at the head of the list and continue in alphabetical or numerical order of lots and blocks until completed"—and that result is aided by the clear intent of section 115 of the Revenue Act of 1891, to-wit, that in the case of any parcel of land offered for sale the owner, or if he does not, the treasurer may designate a portion less than the whole to be sold, and only to the county may the entire property assessed be struck off for want of purchasers. (*Rush* v. *Lewis & Clark County*, 36 Mont. 566, 93 Pac. 943; *Id.*, 37 Mont. 240, 95 Pac. 836; *Dyke* v. *Whyte*, 17 Colo. 296, 29 Pac. 128.)   Certain cases from California—*Doland* v. *Mooney*, 79 Cal. 137, 21 Pac. 436; *Hewes* v. *McLellan*, 80 Cal. 393, 22 Pac. 287; *Rollins* v. *Woodman*, 117 Cal. 516, 49 Pac. 455; *Hayes* v. *Ducasse*, 119 Cal. 682, 52 Pac. 121—are cited to support the view that the sale in question here was conformable to section 115 of the Revenue Act of 1891.   In each of these cases the property offered was a single lot or parcel, and the effect of each decision is that, where the owner of a single lot or parcel does not require the offer of a portion thereof or of an interest therein, the treasurer may sell the whole lot or parcel if that is the least quantity anyone will take and pay the tax, something entirely different from selling a number of separate, noncontiguous parcels *en masse*.   We entertain no doubt that such a sale as this deed discloses was in contravention of the law and the deed which shows it is void on its face.   (*North Real Estate Loan etc. Co.* v. *Billings L. & T. Co., supra; Rush* v. *Lewis & Clark County, supra.*)

The deed for the taxes of 1894 is open to the same reflections, except that it does not sell one-half of part of lot 14, Thompson Placer, and does make it clear beyond the need of inference that the part of lot 14, Thompson Placer, offered and sold is composed of separate, noncontiguous parcels.   So, too, the evidence establishes this latter fact, and shows how difficult, if not impossible, would be the task of applying to any of these parcels

the description set forth in the deeds. Since these deeds are void on their face, further consideration of the proof in this respect, or of the offer to show that the other statutory requirements were not met, is unnecessary.

Besides relying on the provisions of section 2654, Revised [7, 8] Codes, as amended, the defendants seek to escape the effect of the above condition because, as they say, the description is substantially the same as that contained in the assessment-lists for the years 1893 and 1894 signed by the plaintiff, and in similar lists signed by him for the years prior to 1893 on which he paid taxes, because he was present when the sale for the 1894 taxes was had and made no objection to the method of it, and because it was at his instance that the purchaser to whom the property was struck off appeared. We do not see that this is decisive. Tax titles are not derived from the fee, but are antagonistic to the fee; there is no privity between the holder of the one and the holder of the other; neither owes any duty to the other nor is estopped, because of his situation, from making any claim against the other. (*Hussman* v. *Durham*, 165 U. S. 144, 147, 41 L. Ed. 664, 17 Sup. Ct. Rep. 253; *Crum* v. *Cotting*, 22 Iowa, 411.) If, therefore, it be a fact that the plaintiff signed, and in the years before had paid taxes upon, lists containing similar descriptions, the utmost to be said of it is that such descriptions might have sufficed to authorize the sale of his lands; but it was the lands—not the descriptions—that were to be sold for the delinquent taxes, and the duty of the treasurer was to sell them parcel by parcel, describing each in his certificate and deed so that each parcel, with the amount paid for it, could be identified. This the treasurer failed to do, and his failure cannot be excused or corrected by anything that plaintiff said or did about the lists. Moreover, the plaintiff testifies that he had nothing to do with describing the property in the assessment-lists; that though he knew the ground, he could not have described it in writing, and that he signed the lists as prepared by the assessor, believing that he would not be taxed for any property but his own. Hence the whole matter, if

material, was a question for the jury. Nor was the plaintiff called upon to object to the method of the sale. He was not then the record owner of the property, but, conceding that, as the party ultimately interested in it, he could have made objection, there is nothing to show that the treasurer sold as he did, or the purchaser bought as he did, in consequence of the plaintiff's silence. He had the right to assume that the treasurer was proceeding according to law, and neither his failure nor that of the purchaser to realize the contrary could make legal what had no validity.

· III. Error is claimed because of the rejection of plaintiff's offers of proof numbered 1 and 2, and the order directing the jury to find for the defendants. Offer No. 1 is not entirely intelligible to us; but the purpose and effect of offer No. 2 are perfectly clear. The defendants had pleaded, and at the trial relied upon, adverse possession under the tax deeds for more than ten years, claiming the bar of sections 6432 and 6436, [9] Revised Codes. While these deeds, being void on their face, were ineffectual to constitute title, they were evidence of a claim of title ample to sustain a *possessio pedis* (*Morrison* v. *Linn,* 50 Mont. 396, 147 Pac. 166), if not, as some authorities insist, color of title sufficient, under general statutes of limitation, to support adverse possession of the lands adequately described. (Wood on Limitations, sec. 259; note, 27 L. R. A. (n. s.) 339 *et seq.*) So that, as a portion at least of this property [10] was in the actual possession of the defendants, the question whether such possession was adverse became from this point of view, a material one. The position of the plaintiff was that Adami and Steinbrenner went into possession under an agreement made in 1896 to hold the property and pay the moneys due thereon for their obligations and outlays, from the rents and profits or from the proceeds of any sales which might be made, the property or residue thereof to be after such payment conveyed back to the plaintiff. This the evidence offered tended to show, and such showing, coupled with other evidence offered and received, to the effect that no repudiation of this agreement

occurred until 1914, would have made a case for the jury, so far as the bar of sections 6432 and 6436 is concerned. So, too, the issue made by the pleadings touching the estoppel of plaintiff to deny title in Adami and Steinbrenner under the tax deed, based on plaintiff's knowledge of their procurement of the tax deed, the delivery of the property to them, and the payment by them of moneys for upkeep and taxes was for the jury; for these very circumstances are fatal to the estoppel if, as the plaintiff asserts, they occurred in consequence of the agreement last referred to. As to the alleged recognition by the plaintiff of the ownership and dominion over the property by Adami and Steinbrenner in virtue of the tax deeds, the evidence was conflicting. It must be held, therefore, that in the rulings above mentioned there was error sufficient to command a new trial, unless the entire matter was settled and foreclosed by the provisions of section 2654, as amended by Chapter 50, Session Laws of 1909.

IV. We come, then, to the force and effect in this case of the [11] section last mentioned. It provides that: "No action can be maintained to set aside or annul a tax deed upon any ground whatever, unless the action is brought within two years from and after the date of issuance of such tax deed; provided, that any existing right of action to set aside or annul any tax deed, heretofore issued, shall be barred unless instituted within two years from and after the passage and approval of this Act." This action was commenced on May 9, 1914, more than five years after the enactment, and its purpose is to have set aside or annulled the instruments on which the defendants' assertion of title and right to possession is based. If these instruments can be considered tax deeds in the sense of the statute, then the statute applies, and all the rulings above mentioned may be defended or ignored. This, however, cannot be done, because these instruments are, as shown above, void on the face of them; they are not deeds, but nullities. In *Cullen* v. *Western Mfg. etc. Co., supra,* we had occasion to consider this statute. Holding it to be a special or short statute of limitations, we said, in

effect, that it cannot be invoked to buttress a tax deed void upon its face; and, as this is in harmony with the vast weight of authority (*Davidson* v. *Wampler,* 29 Mont. 61, 70, 74 Pac. 82; *McGillic* v. *Corby,* 37 Mont. 249, 254, 17 L. R. A. (n. s.) 1263, 95 Pac. 1063; note, 27 L. R. A. (n. s.) 347 *et seq.; Nind* v. *Myers,* 15 N. D. 400, 8 L. R. A. (n. s.) 157, 109 N. W. 335; *Lowenstein* v. *Sexton,* 18 Okl. 322, 90 Pac. 410, 411; *Moore* v. *Brown,* 11 How. (52 U. S.) 414, 13 L. Ed. 751; 5 Rose's Notes on U. S. Reports, pp. 44, 45; *Redfield* v. *Parks,* 132 U. S. 239, 250, 33 L. Ed. 327, 10 Sup. Ct. Rep. 83; *Page* v. *Gillett,* 47 Colo. 289, 107 Pac. 290; *Salmer* v. *Lathrop,* 10 S. D. 216, 72 N. W. 570), we cannot hesitate to say that these instruments are not within the statute, and were not effectual to start its operation.

V.   Counsel earnestly insist that the order granting a new trial overturned a result which the record shows to have been right, whether viewed from the position of the plaintiff or from that of the defendants.   They argue that the plaintiff relied on title through the assignee, whose deed was proved by them to be without authority, because their obligations had not been paid.   It may be doubted whether the defendants are in position to make this contention, as they do not claim under the trust established by the deed of assignment, but in hostility to it. However that may be, there was evidence sufficient to take to the jury the question whether in point of fact the obligations intended to be secured by this deed of assignment had been paid.

Ample reason appearing for the order appealed from, the same is accordingly affirmed.                              *Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied January 25, 1917.