GLACIER COUNTY, Respondent, *v.* SCHLINSKI et al.,
Defendants; ARONOW, Appellant.

(No. 6,774.)

(Submitted May 18, 1931. Decided June 5, 1931.)

[300 Pac. 270.]

*Mr. Louis P. Donovan* and *Mr. Henry McClernan,* for Appellant, submitted a brief; *Mr. McClernan* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. S. J. Rigney,* County Attorney of Glacier County, for Respondent, submitted a brief; *Mr. Rigney* and *Mr. C. N. Davidson,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On August 10, 1929, Glacier county instituted suit against Ruth Hall Schlinski "and all other persons" claiming any interest in a certain tract of land described in the complaint,

adverse to the title of the county obtained by tax deed secured June 3, 1929. On August 26 Schlinski quitclaimed to Boris A. S. Aronow, who then filed an answer to the complaint in which he alleged title in himself and tender to the county of a sum in excess of the amount for which the tax deed was issued, with offer to pay any additional sum due the county, and alleged that the tax deed was void by reason of fatal defects in the tax sale and procedure on notice of application for deed. The affirmative matter in the answer was denied by reply.

On November 13, 1929, its treasurer issued to the county a correction deed, and this fact was brought into this suit by supplemental complaint. Defendant Aronow challenged the correction deed on the same grounds as those alleged against the original deed.

The evidence adduced at the trial was chiefly documentary, and contains no substantial conflict; thereon the court made findings in favor of plaintiff, declared that any irregularities in the proceedings resulting in the issuance of a tax certificate to the county were cured by the provisions of Chapter 31, Laws of 1929; that the amounts due the county at the time of application for deed were correct, all taxes mentioned were legally levied, assessed, and equalized, and all were unpaid; that no redemption was made; that the correction deed related back to the original, and the county became the owner of the property on June 3, 1929; and that the allegations of Aronow's answer and supplemental answer, except as to those of tender, "are not sustained by evidence or by competent evidence." Decree quieting title in the county followed.

Aronow has appealed from the judgment, and has specified fifteen alleged errors; such of these as are necessary to a determination of the appeal will sufficiently appear hereafter.

The facts, in so far as necessary here, are substantially as follows: The lands described were patented to Ruth Hall Schlinski in December, 1921, and were taxable in 1922; taxes for that year were duly levied and assessed, but were not paid and were placed on the delinquent tax list. This list, with notice that, unless the taxes listed were paid on or before Jan-

uary 13, 1923, the property described would be sold at public auction on that date, was duly published in the official newspaper, but no affidavit of publication, with copy thereof attached, was filed with the county clerk, as required by law. The property was not offered for sale on the day set, because of the passage of Chapter 1, Laws of 1923, declaring that "no property upon which taxes * * * have been levied * * * for the year 1922 shall be sold for such delinquent taxes until the first day of October, 1923." (Section 1.) The sale was evidently postponed, but no notice of postponement, published as required by the Act, appears in the record. Notice of sale on October 1 was published in three issues of the official paper prior to the sale, and on October 1 the property described was offered for sale, and, no purchaser appearing, was offered again on the same day, and, no purchaser being found, was on that day struck off to the county as purchaser, and certificate of sale reciting sale to the county on October 1 was duly issued. Taxes were duly levied and assessed for each year from 1923 to 1928, both inclusive, and in each year the taxes were permitted to go delinquent.

In April, 1929, notice of application for tax deed, apprising Ruth Hall Schlinski, as owner, of the amount for which the property was sold in 1923, including fifty cents for the issuance of the certificate, and the amount of taxes, interest, and penalty due for each year thereafter, with the total amount due for the redemption of the property—$280.75—was served upon the owner at her then place of residence by registered mail. A copy of this notice was posted on an "allotment pin" on the land, and affidavit of posting, not filed until June 1, recites that fact without stating that the copy was posted "in a conspicuous place" on the land, and recites that the premises "are" unoccupied. A copy of the notice was also published in the official newspaper and affidavit of publication filed on June 1. No redemption was made, and the deed was issued on June 3, 1929.

On September 9 Aronow tendered to the county treasurer $295, with the offer to pay any additional sum necessary to

redeem the property, which tender was refused. At the time of trial, Aronow offered to pay into court any sum necessary to cover all taxes, interest, penalties, and charges due the county, to be held for the use and benefit of the county and to abide the decision of the court; by stipulation actual deposit was waived.

The primary questions raised by defendant's specifications of error are as to whether or not the deeds mentioned are void by reason of fatal defects in the tax sale proceedings, or for like defects in the proceedings for securing the deed, and as to whether or not the curative Act of 1929 rendered the deeds valid. The only questions we need here determine are as to the effect of the attempted tax sale to the county on October 1, 1929, the recital of that fact in the certificate of sale and in each of the deeds, and as to whether or not the cited curative Act validated the deeds.

It is contended that Chapter 1, Laws of 1923, authorized the sale on the last-mentioned day, but this cannot be the law. While the relief measure of 1923 prohibited the sale of property *"until October 1, 1923,"* it did not authorize the treasurer to strike off property to the county on that day, but, on the contrary, declared that "all existing laws of the state relative to the place and manner of sale * * * shall apply and cover said tax sales made on said date." The "existing laws" to be applied require the treasurer to designate the "time and place" (sec. 2185, Rev. Codes 1921), and provide the "manner" of conducting the sale as follows: "On the *day* fixed for sale, or on some subsequent day to which he may have postponed it, * * * the county treasurer * * * must commence the sale of the property advertised" etc. (Sec. 2189.) "But in case there is no purchaser * * * on the first day that the property is offered for sale, then when the property is offered thereafter for sale and there is no purchaser * * * the whole amount of the property assessed must be struck off to the county." (Sec. 2191.)

Chapter 1, Laws of 1923, merely postponed the first day of the sale from "the day fixed for the sale" to October 1, on

which latter day the treasurer was required to comply with the provisions of section 2191, which provisions were redeclared by Chapter 46, Laws of 1923.

The provision of section 2191, above, is interpreted to require an offer of the property on the first day of sale, and, if no bid is made therefor, a second offer on a subsequent day, when, if again there is no bidder present who will make an offer for the property, and then only, must the property be struck off to the county, and, it is held, a sale of the property to the county on the first day of sale is void and renders a deed based thereon invalid. (*Rush* v.. *Lewis and Clark County*, 36 Mont. 566, 93 Pac. 943, and 37 Mont. 240, 95 Pac. 836.) The deeds under consideration are therefore void, unless the defect on the face of each has been cured by legislation.

Chapter 85, Laws of 1927, is entitled "An Act Providing for the Validating of Tax Sales and Deeds Heretofore or Hereafter Made," but it merely prohibits an attack upon a tax deed, for such a defect as is here presented, after the expiration of one year subsequent to its issuance, and has no effect upon such deeds in a suit instituted within the year, and therefore is not applicable here.

Chapter 31, Laws of 1929, amending section 2191, above, contains no provision as to when it shall go into effect, and therefore became operative on July 1, 1929. (Sec. 90, Rev. Codes 1921.) This Act purports to validate "certificates of sale" issued to counties, notwithstanding certain "irregularities" therein, and makes no mention of tax deeds. Whether such defects as the deeds under consideration contain may be termed "irregularities" only, and whether or not the legislature could cure defects in a certificate of sale which has become *functus officio* by reason of the issuance of the deed, we need not now determine.

The defect challenged appears on the face of each of the deeds before us. In considering Chapter 50, Laws of 1909, similar in effect to Chapter 85, Laws of 1927, above, this court has declared that instruments void on their face "are not deeds but nullities," and therefore the Act does not apply

to an action to set aside such a deed. (*Cullen* v. *Western M. & W. Co.*, 47 Mont. 513, 134 Pac. 302; *Horsky* v. *McKennan*, 53 Mont. 50, 162 Pac. 376; *Lindeman* v. *Pinson*, 54 Mont. 466, 171 Pac. 271.) By a parity of reasoning, a curative statute relating only to "irregularities" in the certificate of sale is inapplicable in a suit to set aside a so-called tax deed void on its face. It follows that the court erred in holding the defect cured by the Act.

However, Chapter 85, Laws of 1927, above, provides that in such an action as this the purchaser may, on affidavit, require the person claiming to own the property to deposit in court, for the use of the tax purchaser, the amount of all taxes, interest, and penalties which would have accrued if the property had been legally taxed and sold for delinquent taxes and "was about to be redeemed" by the owner, with other charges enumerated, all to be included in an order of court, and requires the payment into court within thirty days. If the amount be not paid as directed, the court is authorized to enter decree quieting title in the tax purchaser, regardless of defects, irregularities, or omissions in the deed. If the amount be paid into court and the plaintiff fail to establish the tax deed as valid, the amount so paid goes to reimburse the tax purchaser.

With reference to Aronow's tender of the amount due the county, it was stipulated on the trial that "it may be understood at this time that it is not necessary for the parties at this time to deposit in court the amount of taxes, penalties, costs and interest due as of September 9, 1929, or as of this date, and that judgment of the court may be given to the same effect as if the deposit had been made at this time."

This stipulation is tantamount to a compliance with the above provisions, except that plaintiff waived immediate deposit, and defendant agreed to pay when called upon to do so, if decree should go for him.

There is some contention made that the amount for which the deed was issued is in excess of the amount then due the county, and, by computation in their brief, counsel for defendant attempt to demonstrate that such is the case; this

is controverted by counsel for plaintiff. However, in attacking a tax deed it is necessary to point out clearly and specifically, and in apt terms, the particular defects on which the pleader relies to defeat the deed. (37 Cyc. 1514.) One who pleads in a suit for relief from a tax deed a tender of the amount paid by the purchaser cannot contest the validity of the tax for which the property was sold. (*Conklin* v. *Cullen*, 29 Mont. 38, 74 Pac. 72.) Having specified in his pleadings the grounds on which he assailed the tax sale and deeds, without asserting that the amount claimed was excessive and thereafter tendered the full amount claimed by the county, defendant cannot now put the trial court in error on a matter not presented to it for determination on the trial.

The cause is remanded to the district court of Glacier county, with direction to determine, in accordance with this opinion, the amount due the county of Glacier for taxes, interest, penalties, etc., on the property described, and to direct the defendant to pay such amount into court for the use of the county within thirty days from and after such notice. If the amount directed be paid, the court shall quiet the title to the property described in the defendant Boris A. S. Aronow, and shall vacate the decree heretofore made. If such amount be not paid at the expiration of the period named, the judgment will be affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.