MARCO, Appellant, vs. FOND DU LAC COUNTY and another, imp., Respondents.

*April 9 — April 28, 1885.*

TAX TITLES. *(1) Receipt for taxes: Estoppel. (2) Reassessment of void taxes: Presumption as to knowledge of purchaser.*

1. The fact that the grantor of land has a receipt from the city treasurer for the taxes assessed thereon in a certain year will not estop the city from asserting that a portion of the taxes for that year were unpaid, as against the grantee who did not know of such receipt when he purchased the land.
2. Where taxes upon land have been declared void, a subsequent purchaser will be presumed to have known that fact, and also that the law provided for their reassessment.

APPEAL from the Circuit Court for *Fond du Lac* County.

The facts are sufficiently stated in the opinion. The plaintiff appealed from the judgment dismissing the complaint.

*Edw. S. Bragg,* of counsel, for the appellant.

For the respondent there was a brief by *Spence & Hiner,* and oral argument by *Mr. Spence.*

TAYLOR, J. This was an action to set aside a tax sale, and restrain the issuing of deeds upon tax certificates. The facts are the same as in the case of *Ruggles v. Fond du Lac*

JANUARY TERM, 1885.    213

Marco vs. Fond du Lac County and another, imp.

*Co., ante,* p. 205, in which an opinion is filed herewith. In that case it is held that the statute of limitations prescribed by sec. 3, ch. 309, Laws of 1880, barred the plaintiff's action, and it must therefore be held to bar his action in this case, unless the respondents are estopped from denying that the taxes for which it is claimed the lands were sold, were paid before the sale was made. The complaint in this case contains the following allegation, which was not in the *Ruggles Case,* viz.:

" But this plaintiff alleges that at the date of said alleged sale there was no unpaid tax assessed upon said premises, and that all taxes assessed thereon had been paid in full before such alleged sale, and that the county treasurer of Fond du Lac county never consummated any such pretended sale, as this plaintiff is informed and believes, and so charges the fact to be; but if it shall appear that a sale was made and consummated on the 11th day of May, 1880, the plaintiff alleges such sale was to enforce some pretended tax or right to tax claimed to exist prior to his purchase, payment, and conveyance, and of which he had no notice, and is protected against by his *bona fide* purchase as aforesaid, and which pretended right to tax, the plaintiff alleges, if any such ever existed, had been waived by the county board of supervisors of Fond du Lac county; and such pretended assessment and tax, if any there appears to be, was never levied nor made, as required by law, by the county board of supervisors of Fond du Lac county."

The court found as facts, among other things, as follows:

" *First.* That the plaintiff purchased ' the middle twenty feet of lot 11, in block E, of Darling's addition to the city of Fond du Lac, on the 14th day of March, 1880, and received on that day a deed therefor, and paid the whole purchase money ($1,650) at the date of the deed, which was all that the property was reasonably worth.

" *Second.* That at the date of such purchase and payment

of the consideration, the plaintiff had no actual knowledge of any unpaid tax liens upon the property purchased, nor any actual knowledge of any claim that would or could ripen into a lien or incumbrance upon said property. And that the plaintiff's grantors had a receipt from the treasurer of the city of Fond du Lac for the payment of the taxes assessed upon said land for the year 1879.

"But the court finds that, at the date of such conveyance and payment of the purchase money, an inspection of the city treasurer's book of the city of Fond du Lac, for the year 1879, showed the following entries opposite the description of the plaintiff's land, under the headings in the book, as follows:

| DESCRIPTION. | WARD TAX. | STATE, COUNTY, COUNTY SCHOOL, AND CITY TAX. |
|---|---|---|
| Middle 20 ft., etc. | $151.27—1874. 99.40—1875. 82.50—1877. 95.78—1876. | |
| | $428.95 | $70 paid. |

"And that there were no other entries thereon, nor in any of the city records, to give the plaintiff notice of any outstanding claim or liability, except what is shown from these entries; and the court further finds that there was not in the year 1879, and had not been for many years next preceding, any ward tax assessable or collectible in the city of Fond du Lac; and that the city comptroller intended, in the amount $428.95, entered as aforesaid upon the tax roll of said city, to charge it as a special tax in said year against said last-named description."

The court also found that the property described in the complaint had been sold for the taxes of 1874, 1875, 1876, and 1877, and the certificates of sale had been canceled by the authority of the board of supervisors of the county, and

the taxes for those years had been ordered reassessed on the same property with the taxes for the year 1879, and that those taxes had never been paid.

To our minds there is nothing in the complaint or in the evidence which should estop the respondents from alleging that these reassessed taxes were not paid in 1879.

In the first place, the allegations of the complaint are not sufficient, admitting them to be true, to create an estoppel. It is not alleged that the plaintiff purchased the property relying upon the receipt as evidence that all taxes which were charged upon said property on the tax roll for 1879 had been fully paid. It is not alleged that the plaintiff knew of the existence of the receipt at the time he made his purchase, or that in making his purchase of the property he relied upon the receipt as evidence that all taxes on the lot for 1879 had been paid. Nor does the court find that the plaintiff knew of the existence of such receipt when he made his purchase, or that he purchased, relying thereon as evidence of the payment of such taxes.

There is clearly no estoppel shown, under the rules of law as recognized by this court. See *Gill v. Rice*, 13 Wis. 549; *Kingman v. Graham*, 51 Wis. 232, 247; *Tallman v. Janesville*, 17 Wis. 71. In this last case the present chief justice says: " The respondents must be presumed to have known when they purchased these lands that the taxes formerly assessed against them had been declared void, and they purchased with full knowledge of the power of the legislature to provide for a reassessment of them." In the case at bar the appellant must be presumed to have known when he purchased that the taxes on his lot for 1874, 1875, 1876, and 1877 had been declared void, and that the legislature had provided by law for their reassessment upon his lot. In the case of *Tallman v. Janesville* it was argued, as in the case at bar, that the party seeking to set aside the reassessed tax was a *bona fide* purchaser, without notice that the taxes had

not been paid; but it did not avail in that case, and cannot in this. No estoppel having been established, the plaintiff was barred of his action, as decided in *Ruggles v. Fond du Lac Co. ante*, p. 205.

*By the Court.*—The judgment of the circuit court is affirmed.