URQUHART, Respondent, vs. WESCOTT, Appellant.

*January 12 — February 2, 1886.*

*Tax titles: Limitation of actions: Insufficient notice of sale.*

Sec. 3, ch. 309, Laws of 1880, does not bar the original owner of lands sold for taxes from showing, in an action of ejectment against the claimant under the tax deed, that the tax sale was void because no sufficient notice thereof was given as required by law. The want of proper notice of the sale was not an "error or defect going to the validity of the assessment and affecting the groundwork of the tax."

APPEAL from the Circuit Court for *Langlade* County.

Ejectment. The action was commenced December 6, 1884. The defendant appeals from a judgment in favor of the plaintiff. The facts are stated in the opinion.

*E. J. Goodrick*, for the appellant.

For the respondent the cause was submitted upon the brief of *Webster & Brazeau*

TAYLOR, J. This is an ordinary action of ejectment, to recover the possession of real estate alleged to be owned by the respondent, and which was unlawfully withheld from him by the appellant. The answer set up, among other things, that the lands described in the complaint were duly

sold by the county treasurer of Shawano county on the 11th day of May, 1880, for the nonpayment of the taxes levied thereon in the year 1879; that on said day tax certificates were duly issued upon said sale by said treasurer, and delivered to Shawano county, the purchaser at such sale; that said certificates were thereafter duly sold and assigned to the appellant; and that on the 28th day of May, A. D. 1883, the said lands being then unredeemed from said tax sale, a tax deed was duly made and executed in due form of law by the county clerk of said county to the appellant as grantee, he then being the holder and owner of said tax certificate, which said tax deed was duly delivered to said appellant, and the same was afterwards, and on the 31st day of May, A. D. 1883, recorded in the office of the register of deeds for Shawano county, in volume 3 of Deeds, on page 112, and that said deed was also recorded in the office of the register of deeds of Langlade county on the 20th of July, 1883, in volume 5 of Deeds, on page 105; and that the appellant is now the owner of said lands by virtue of said tax deed. The answer further alleges that the cause of action stated in the complaint did not accrue within one year before the commencement of this action, and that said action was not commenced within the time limited in section 3 of chapter 309 of the Laws of Wisconsin for the year 1880; and the appellant claims the benefit of the limitation provided by said section 3 of said chapter 309 of the Laws of Wisconsin for the year 1880, in bar of all objection to the validity of the appellant's tax deed above described, on account of any matter occurring in the tax proceedings previous to and including the sale of said lands for the nonpayment of said taxes and the issue of said tax certificates of sales of said lands for the nonpayment of said taxes for the year 1879; and demands judgment in favor of the appellant, the defendant in said action.

Upon these pleadings the action was tried in the circuit

court, without a jury.. The plaintiff proved title in himself
derived from the United States, and rested. The defend-
ant thereupon introduced the tax deed set up in his answer,
the records thereof in both the counties of Shawano and
Langlade, and rested. The plaintiff then offered in evi-
dence a certified copy of the county treasurer's affidavit of
the posting of the notices of the tax sale in Shawano county
for the year 1880, for the purpose of impeaching the valid-
ity of the defendant's tax deed. To the introduction of
this evidence the defendant objected. The objection was
overruled, and the defendant duly excepted.

This ruling of the court is the only error alleged in this
case. It is admitted that if the evidence was properly ad-
mitted it showed that the tax deed given in evidence was
void. The real question in the case is whether under sec. 3,
ch. 309, Laws of 1880, the plaintiff in this action is barred
from attacking the validity of the tax deed of the defend-
ant on account of the irregularity and insufficiency of the
notice of the tax sale in 1880. The circuit court held that
that statute did not bar the plaintiff from attacking the
validity of the tax sale on account of the insufficiency of
the notice of such sale; and, after a careful consideration
of the several acts of limitation in regard to actions brought
by the original owner of lands to recover the possession of
lands sold and conveyed for the nonpayment of taxes, we
think the learned circuit judge was right in overruling the
objection of the defendant.

The whole subject of limitation upon actions to recover
lands sold for the nonpayment of taxes, either by the orig-
inal owner or by the claimant under the tax deed, was con-
sidered, revised, and amended by the legislature, by the
enactment of ch. 309, Laws of 1880, and for the purposes
of the determination of this case, we need not look beyond
that chapter. Section 1 of this chapter limits the time
within which the claimant under the tax deed must bring

his action to recover the possession of the lands described in such deed, and need not be considered here. Section 2 limits the time within which the original owner must bring his action to recover the possession of the lands sold and conveyed for the nonpayment of taxes, *or bring his action to avoid the tax deed.* This section reads as follows: "No action shall be maintained by the former owner, or any person claiming under him, to recover the possession of any land or any interest therein which shall have been conveyed by deed for the nonpayment of taxes, or to avoid such deed against any person claiming under such deed, unless such action shall be brought within three years next after the recording of such deed. Whenever any such action shall be commenced upon any tax deed heretofore or hereafter issued, after the expiration of three years from the date of the recording of such deed, unless such action shall be brought by a person who was a minor at the time the right of action shall accrue as aforesaid, such deed, if executed substantially in the form prescribed by law for the execution of tax deeds, shall be conclusive evidence of the existence and legality of all proceedings, from and including the assessment of the property for taxation up to and including the execution of such deed." Section 3 of said chapter prescribes a shorter limitation against the original owner when he undertakes to set aside a sale of lands for the nonpayment of taxes, and reads as follows: "Every action or proceeding to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax certificate or tax deed, for any error or defect going to the validity of the assessment and affecting the groundwork of such tax, shall be commenced within one year from the date of such tax sale, and not thereafter: provided, that in case of sales for the nonpayment of taxes, made prior to the taking effect of this act, the action, if not already barred, must be com-

menced within one year after this act takes effect, and not thereafter." Section 4 of said chapter prescribes no limitation, but provides that in every action to set aside any tax sale, or to cancel a tax certificate, or to restrain the issuing of a tax deed, upon any ground whatever not going to the validity of the assessment and affecting the groundwork of the tax, the plaintiff, if he show himself otherwise entitled to judgment, shall, before the entry of such judgment, and within a reasonable time, to be fixed by the court, pay into court, for the person or persons claiming under such tax sale or tax certificate, the amount for which the land was sold and the amount paid for subsequent taxes, with interest at twenty-five per cent. per annum from the time of payment until the money is paid into court, etc. Section 5 requires the original owner to make the same payments of taxes and interest before judgment shall be entered in his favor, when he brings an action to cancel a tax deed, or remove the cloud created by any tax certificate or tax deed, upon any grounds whatever not affecting the groundwork of the tax. Section 6 provides that sections 3, 4, and 5 shall not apply to any case where the lands sold or deeded for the nonpayment of taxes were not liable to taxation, or when the taxes on the lands were paid prior to such sale, or when they have been redeemed according to law. Section 7 provides that nothing in this chapter shall be construed as repealing or affecting the limitations contained in sections 1210d and 1210e of chapter 50 of the Revised Statutes of 1878. Section 8 repeals all acts and parts of acts conflicting with, or in any manner contravening, the provisions of this act.

It is evident that the limitation of section 2 of chapter 309 has no application to the case at bar, as it was not pleaded, and the evidence shows that the action was brought within the three years prescribed by the section. It is claimed by the learned counsel for the appellant that the

limitation prescribed by section 3 of the chapter applies to this case, and bars the plaintiff from showing any defect in the tax proceedings previous to and including the sale of the lands for the nonpayment of taxes to avoid the tax deed, and it is also claimed that this court has given a construction to this section which warrants him in his contention. He relies upon what was said by the writer of this opinion in the case of *Ruggles v. Fond du Lac Co.* 63 Wis. 205. It may be admitted that there is general language used in the opinion in that case, when not construed and limited by the facts of the case then before us, which does to some extent justify the claim made by the learned counsel for the appellant.

The very substance of the charges made by the complaint in the case of *Ruggles v. Fond du Lac Co.* upon which the plaintiff based his claim to have the tax certificate of sale in that case set aside, was that there had been a fraudulent overvaluation of the plaintiff's lots by the assessors and the board of review in the years in which the original taxes had been assessed and levied, and that the reassessment directed the whole of the original taxes to be reassessed thereon, without any diminution thereof. The case made by the plaintiff clearly went to the validity of the assessment and affected the groundwork of the tax which was sought to be set aside. The case came therefore within the very letter of the limitation in sec. 3, ch. 309, Laws of 1880, and so the court below held, and this court affirmed the judgment. The only other point made by the appellant in the *Ruggles Case* why the judgment of the circuit court should be reversed was that the attempted reassessment of the lots was void absolutely, because the county board had no authority in the law to make the reassessment. This objection was clearly one that affected the validity of the assessment and the groundwork of the tax, and also came within the language of the section.

In the cases of *Marco v. Fond du Lac Co.* 63 Wis. 212, and *Oberreich v. Fond du Lac Co.* 63 Wis. 216, following the case of *Ruggles v. Fond du Lac Co.* the only contention on the part of the appellant was that the reassessment made by the county board upon the plaintiff's lands was void for want of power in the board to make the same under the facts of the cases. They therefore came within sec. 3, ch. 309, Laws of 1880. This objection went to the validity of the assessment and affected the groundwork of the tax, within the definition of these words as construed by this court in *Prentice v. Ashland Co.* 56 Wis. 345. These decisions do not, therefore, bind this court in a case depending upon a state of facts entirely different from the facts of the cases decided. The general language of the court in the cases referred to must be construed as applicable to the facts then before it, and not to a state of facts of an entirely different character.

In order to give a proper construction to sec. 3, ch. 309, we must consider the history of its enactment. Previous to 1878 the only limitation to actions in tax cases were limitations to actions brought after the tax deed was issued. The first limitation to the maintenance of an action to set aside a tax certificate or tax sale, before a deed was issued on such sale, except such as was provided in the general statutes in regard to actions in equity, was the enactment of sec. 1210*e*, R. S. 1878. This section was evidently enacted to meet a supposed emergency arising out of certain decisions of this court as to the validity of assessments made throughout a very large portion of the state, and to validate such assessments unless an action was commenced within a very short limitation. This short limitation was effective in carrying out the purpose of the legislature to a very great extent.

The limitation in this section was a novel one, and was applied only to sales for taxes levied previous to the date of

the enactment of the law, and was not applicable to all tax sales, and was intended to, and as this court has repeatedly held did, cover all defects arising in the tax proceedings previous to and including the tax sale. Its language is entirely different from the language of sec. 3, ch. 309, Laws of 1880, viz.: "Every action or proceeding to set aside any sale of lands for the nonpayment of taxes levied prior, . . . or to cancel any tax certificate issued upon any such tax, or to restrain or prevent the issuing of any tax deed, or any tax certificate upon any such tax, or cancel any tax deed made upon any sale for nonpayment of any such tax, shall be commenced within nine months after the making of such sale, date of such certificate, or recording of such tax deed, as the case may be, and not thereafter," etc.

Under this section this court held that if the original owner brought an action to recover the possession of lands, after the tax deed was issued, against the tax title claimant or those claiming under him, the defendant could set up the nine-months limitation to bar the plaintiff from showing any irregularity in the proceedings for the assessment of the lands or the making and return of the assessment rolls, or in the sale of the lands for the nonpayment of taxes, to avoid such tax deed, and that such owner could only show irregularities occurring after the tax sale in avoidance of such tax deed. See *Mead v. Nelson*, 52 Wis. 402; *Manseau v. Edwards*, 53 Wis. 457; *Clarke v. Lincoln Co.* 54 Wis. 578; *Dalrymple v. Milwaukee*, 53 Wis. 178; *Wisconsin Cent. R. Co. v. Lincoln Co.* 57 Wis. 137, 147; *Ward v. Walters*, 63 Wis. 39, 45.

In the first case above cited this court held that the limitation could be properly pleaded to bar the original owner from attacking the proceedings previous to the tax sale to avoid a tax deed in an action of ejectment by the original owner against the claimant under a tax deed, and in the

second case it was held that, in an equitable action to foreclose a tax certificate, the original owner was barred from attacking the validity of such certificate in such action of foreclosure after the expiration of nine months from the date thereof. The reasons given in the opinions for giving the act of 1878 such construction need not be here repeated. Under the rule laid down in the cases cited, it is clear that in a proper case the limitation contained in sec. 3, ch. 309, Laws of 1880, would bar the original owner, in an action of ejectment against a claimant under a tax deed, from showing any defect in the tax proceedings "going to the validity of the assessment and affecting the groundwork of the tax" upon which the tax deed was based, for the purpose of avoiding such tax deed.

The only other question to be considered is whether the defect in the tax proceedings, offered to be shown by the plaintiff on the trial of the case at bar, is one of the errors or defects mentioned in said section 3.

In the case of *Prentice v. Ashland Co.* 56 Wis. 344, this court held that the limitation of sec. 3, ch. 309, Laws of 1880, barred the plaintiff, in an action to set aside and cancel certain tax certificates, from showing that the certificates were void because part of the taxes for which the lands were sold were illegal and unauthorized by law; that there was an unauthorized apportionment of county school taxes, an illegal levy of highway taxes; and that the assessors arbitrarily estimated the value of the real estate and personal property, designedly and intentionally, at less than one half of its actual value. In that case it was urged that sec. 3, ch. 309, Laws of 1880, was only a bar to showing some error or defect which affected the valuation of the property by the assessors, and which affected the groundwork of such tax. In the opinion in that case the court say: "Without going into any discussion as to the etymology of the language em-

ployed, or whether the error or defect must go, not only to the validity of the assessment, but also to the groundwork of the tax, we are clearly of the opinion that the word 'assessment,' as here used, goes to the whole statutory method of imposing taxes upon property. This being the meaning, we must hold that the errors or defects here complained of do go to the validity of the assessment, and also affect the groundwork of the tax."

In the cases of *Ruggles v. Fond du Lac Co., Marco v. Fond du Lac Co.,* and *Oberreich v. Fond du Lac Co.,* above cited, this court held that the statute barred the plaintiff in an action to cancel a tax certificate from showing that the certificate was void because the valuation of the plaintiff's property was fraudulently and unjustly valued by the assessor at a sum greatly exceeding its real value, and that a reassessment of the tax levied and apportioned upon such unjust and fraudulent valuation was afterwards made by the board of supervisors, illegally and without authority of law. We are now asked to hold that this section bars the plaintiff in an action of ejectment to recover against the person claiming under the tax sale and deed from showing that the tax sale is void because no sufficient notice thereof was given as required by law. Is the want of a proper notice of sale a defect or error going to the validity of the assessment and affecting the groundwork of the tax? We are clearly of the opinion that it is not. Under the definition given to the word " assessment," used in this section, by this court in the case of *Prentice v. Ashland Co., supra,* it does not cover any proceeding to collect the taxes levied after the assessment roll is completed, and the taxes extended thereon, and placed in the hands of the proper officer for collection. The want of a proper notice of sale does not affect the validity of the taxes levied nor the assessment of the lands; and if the tax certificate should be canceled for no other

reason than that the notice of sale was not properly given, there could be no objection to making a resale after giving a proper notice, if not redeemed as required by law.

It is evident that the legislature did not intend by the enactment of sec. 3, ch. 309, Laws of 1880, to cover all defects previous to the sale which might invalidate the tax proceedings and the tax deed issued thereafter; otherwise they would have used the language used in sec. 1210e, R. S., and not have used the restricted language they did. It is also evident that by the enactment of sections 5 and 6, by which they compel the original owner to pay the sum for which the lands were sold, together with all taxes paid subsequently by the tax claimant, with interest at twenty-five per cent. per annum from the time of payment, before they can have the benefit of a recovery against the tax claimant, when they succeed in setting aside the deed, tax certificate, or tax sale for defects or irregularities " not going to the validity of the assessment and affecting the groundwork of the tax," the legislature did not mean that the words used in section 3 should cover all defects and irregularities which might avoid a tax sale. The evil which the legislature intended to mitigate by the enactment of the short limitation in section 3, was the prevention of the taxpayer from avoiding the payment of any tax by showing such defects in the proceedings as rendered the whole tax void, and entitled him to relief, without the payment of his just proportion of the taxes; or else compelling the town authorities to be at the expense of making a reassessment of the whole property of the town in order to ascertain what amount of taxes he ought to pay, under other provisions of the statutes, which afford a cumbrous and expensive way of enforcing the payment of taxes. If the tax-payer sees fit to assert his right in such a case, and refuses to pay any tax, the law requires that he shall proceed with promptness; but if he only seeks to set aside a tax sale or tax deed

for irregularities in the proceedings which do not go to the validity of the assessment and affect the groundwork of the taxes apportioned to him, he may do so at any time within the limit prescribed by section 2 of said chapter; but if he succeeds in such undertaking, he must not only pay all the taxes levied and assessed upon his lands which have been paid by the tax claimant, but he must also pay interest thereon at the rate of twenty-five per cent. per annum, before he can take the fruits of his action. This is no great hardship to the claimant under the tax certificate or tax deed. It is simply giving the original owner three years after the tax deed is recorded to redeem his lands from the tax sale, on the same terms upon which he might have redeemed them before the deed was issued; and, in effecting such redemption, he takes upon himself the burden of showing some irregularity in the tax proceedings not going to the validity of the assessment and affecting the groundwork of the tax, which invalidates the tax sale or tax deed.

If the original owner allows the tax deed to be issued, and then brings an action of ejectment against the tax claimant, and succeeds in such action, whether he will be required to make the same payment of taxes and interest is not involved in the case at bar.

The circuit court did not err in admitting the evidence objected to by the defendant in the court below.

*By the Court.*— The judgment of the circuit court is affirmed.