JOSEPH H. DOUD, Appellant, *v.* THE HUNTINGTON HEBREW CONGREGATION OF HUNTINGTON, N. Y., Respondent.

Second Department, June 27, 1917.

**Tax — constitutional law — sale of land of one person to satisfy debt of another void — limitation of action of ejectment to recover possession of lands conveyed under void tax sale — Tax Law, section 132, construed.**

A sale of the land of one person to satisfy a tax assessed against another is void and cannot be validated by a legislative act.

The limitation of actions for the cancellation of a void tax sale under section 132 of the Tax Law, is applicable to an action of ejectment, and the statute begins to run when the tax deed is recorded or the holder of the tax title enters into actual possession.

A tax sale void because violating constitutional limitations cannot be made good by a curative act of the Legislature, but a statute of limitations makes a good defense to one holding under a tax deed when the tax sale was utterly void for jurisdictional defects on constitutional grounds.

APPEAL by the plaintiff, Joseph H. Doud, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Suffolk on the 18th day of January, 1917, upon the decision of the court dismissing the complaint on the merits after a trial before the court without a jury.

*Thomas Young* [*George T. Walker* with him on the brief], for the appellant.

*S. LeRoy Ackerly,* for the respondent.

BLACKMAR, J.:

The judgment might have been affirmed upon the opinion of the learned justice who tried the case, except that the

appellant urges upon us a point which apparently was not presented to the court at Trial Term.

The point on which the present appeal is rested in that the tax of 1901, for non-payment of which the land was sold to defendant's grantor, was, under the law as it then existed, assessed against the person and not the land; that the assessment was against Eunice Baker; that the land of Emma Baker was sold to satisfy the debt of Eunice Baker, in violation of her constitutional rights, and that such sale cannot be validated by any subsequent legislative enactment.

With these propositions of law we concur. The assessment was against the person and not against the land. (*Hagner* v. *Hall*, 10 App. Div. 581; affd., 159 N. Y. 552.) The sale was void for jurisdictional defect, and no legislative fiat can validate the sale of the land of Emma Baker to satisfy the debt of Eunice Baker. (*People ex rel. Boenig* v. *Hegeman*, 220 N. Y. 118.)

But although no act of the Legislature can validate the sale, it is competent for the Legislature to pass a statute limiting the time within which plaintiff may maintain an action attacking such sale. " Such a statute will bar any right, however high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his right." (*Meigs* v. *Roberts*, 162 N. Y. 371, 378. See, also, *Peterson* v. *Martino*, 210 N. Y. 412; *Bryan* v. *McGurk*, 200 id. 332; *People* v. *Ladew*, 189 id. 355.)

Such a Statute of Limitations is found in section 132 of chapter 908 of the Laws of 1896 (Gen. Laws, chap. 24), known as the Tax Law. This law, being a codification of other statutes, added thereto a provision in effect that all such conveyances and tax sales on which they are based shall be subject to cancellation by reason of the payment of such taxes or by reason of the levying of such taxes by a town or ward having no legal right to assess the land on which they are laid, or by reason of any defect in the proceedings affecting the jurisdiction upon constitutional grounds, on direct application to the Comptroller, or in an action brought before a competent court therefor. Then follows a provision that constitutes a Statute of Limitations, as follows: " provided, however, that such application shall be made, or such action brought, in the

case of all sales held prior to the year eighteen hundred and ninety-five,' within one year from the passage of this act; and in the case of the sale of eighteen hundred and ninety-five and of all sales hereafter held, that such application shall be made, or such action brought, within five years from the expiration of the period allowed by law for the redemption of lands sold at the particular sale sought to be cancelled." (See, also, Tax Law [Consol. Laws, chap. 60; Laws of 1909, chap. 62], § 132.)

The relevant parts of these last cited enactments are, *first,* that a ground of relief is a defect in the proceedings affecting the jurisdiction on constitutional grounds, and *second,* that the action authorized thereby must be brought within five years from the expiration of the period allowed by law for redemption.

The plaintiff's cause of action was barred by the statute, which was duly pleaded in the answer. In *Bryan* v. *McGurk* (200 N. Y. 332) the Court of Appeals decided that such limitation was applicable to an action of ejectment, such as the one we are considering; and that the statute begins to run when the tax deed is recorded or the holder of the tax title enters into actual possession. The tax deed in this case was recorded in 1904; the defendant went into possession thereunder in 1907, and the action was begun in 1913. It is, therefore, barred by the statute.

The decision does not trench on the principle relied on by plaintiff, that a tax sale, void because violating constitutional limitations, cannot be made good by a curative act. The principle is sound and must be preserved, but a Statute of Limitations may be a good defense to one holding under a tax deed when the tax sale was utterly void for jurisdictional defects on constitutional grounds. The distinction is settled by abundant authority, and is in accord with elementary principles of constitutional law.

The judgment should be affirmed, with costs.

Jenks, P. J., Thomas, Stapleton and Putnam, JJ., concurred.

Judgment affirmed, with costs.