LINDEMAN, RESPONDENT, *v.* PINSON ET AL., APPELLANTS.

(No. 3,854.)

(Submitted January 9, 1918. Decided February 27, 1918.)

[171 Pac. 271.]

*Tax Deeds—City Lots—Sale en Masse—Invalidity—Real Property—Contracts of Sale—Deeds—Statute of Limitations.*

Tax Deeds—City Lots—Sale *en Masse*—Invalidity.
1. A tax deed showing on its face that a large number of lots situated in twenty-one different blocks, in an addition to a city, had been sold *en masse*, was void.

Real Property—"Good and Sufficient" Deed—What is not.
2. A contract to deliver a good and sufficient deed imports that the vendor will furnish a good title, and is breached where a vendor without title tenders a quitclaim deed sufficient in form.

[As to sufficiency of deed to satisfy a contract for execution and delivery of deed, see note in 11 Am. Dec. 34.]

Tax Deeds—Limitations—Statutes.
3. Chapter 50, Laws of 1909, providing that no action to annul tax deeds can be maintained unless commenced within two years after their issuance has reference to valid deeds, and is therefore inapplicable to such a tax deed which is void on its face.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

ACTION by Linus Lindeman against John F. Pinson and Bertha Pinson. Judgment for plaintiff, and defendants appeal from it and an order denying them a new trial. Affirmed.

Cause submitted on briefs of counsel.

*Mr. Thos. F. Shea,* for Appellant.

In an action by a vendee for recovery of the purchase price upon alleged defects in a title, such vendee must specifically allege the defects upon which he relies and must prove the same by competent evidence. (*Miller* v. *Shelburn,* 15 N. D. 182, 107 N. W. 51; *Meyer* v. *Madreperla,* 68 N. J. L. 258, 96 Am. St. Rep. 536, 53 Atl. 477; *Blewitt* v. *Green,* 57 Tex. Civ. App. 588, 122 S. W. 914; *Heinemann* v. *Sullivan,* 57 Wash. 346, 106 Pac. 911; *Gammon* v. *Blaisdell,* 45 Kan. 221, 25 Pac. 580; *Ingalls* v. *Hahn,* 47 Hun (N. Y.), 104; *Hixson* v. *Hovey,* 18 Cal. App. 230, 122 Pac. 1097; *Kling* v. *A. H. Greef Realty Co.,* 166 Mo. App.

190, 148 S. W. 203; *Niscia* v. *Cohen*, 84 N. J. L. 351, 86 Atl. 395; 8 R. C. L., Deeds, sec. 191.)

As to the clause in the contract, requiring the vendees to furnish a good and sufficient deed: The earlier cases in California, to-wit, *Brown* v. *Covillaud*, 6 Cal. 566, 573, and *Green* v. *Covillaud*, 10 Cal. 317, 70 Am. Dec. 725, state the rule to be that the expression "good and sufficient deed" in a contract of sale for real estate imports only a covenant good in form and does not refer to the interest intended to be conveyed. Counsel is aware that later decisions have overruled the earlier California decisions to the extent that the use of the said expression does not mean that the deed shall be merely sufficient in form, but that it must also convey title. But under the circumstances accompanying the execution of the contract in question, it is clear that nothing more than a quitclaim deed was required of defendants. (*Porter* v. *Noyes*, 2 Greenl. (2 Me.) 22, 11 Am. Dec. 30, 37.)

*Mr. W. E. Keeley* and *Mr. E. J. Cummins*, for Respondent.

By "good and sufficient deed" is meant such a deed as will pass good title. It is true that a few of the earlier cases held that this phrase meant merely the character of the deed given and had no reference to the title. But even then, as now, the weight of authority was to the effect that this phrase meant such a deed as would pass good title, or at least one containing the usual covenants of warranty.

A vendor must give good title to the land, although the agreement calls for a "deed" merely, and does not stipulate for covenants of warranty. (*Bowen* v. *Vickers*, 2 N. J. Eq. 520, 35 Am. Dec. 516.) Where vendor is bound by his title bond to make the vendee "a good and perfect deed," he is bound to make and perfect title to it, and remove any existing encumbrances upon it, or protect the vendee against it. (*Greenwood* v. *Ligon*, 10 Smedes & M. (18 Miss.) 615, 48 Am. Dec. 775; *Carpenter* v. *Baily*, 17 Wend. (N. Y.) 244, 247; *Story* v. *Conger*, 36 N. Y. 673, 93 Am. Dec. 546; *Fleckten* v. *Spicer*, 63 Minn. 454, 65

N. W. 926.) The last case above is parallel to this one, and holds that under such an agreement good title must be passed. (See, also, *Burwell* v. *Jackson*, 9 N. Y. 535; note to *Porter* v. *Noyes*, 11 Am. Dec. 30, 36–39; *Moore* v. *Williams*, 115 N. Y. 586, 12 Am. St. Rep. 844, 5 L. R. A. 654, 22 N. E. 233; *Younie* v. *Walrod*, 104 Iowa, 475, 73 N. W. 1021; *Easton* v. *Montgomery*, 90 Cal. 307, 25 Am. St. Rep. 123, 27 Pac. 280; *Bash* v. *Cascade Min. Co.*, 29 Wash. 50, 69 Pac. 402, 70 Pac. 487; *Tindall* v. *Conover*, 21 N. J. L. (1 Zab.) 651, 654; *Everson* v. *Kirkland*, 4 Paige Ch. (N. Y.) 628, 638, 27 Am. Dec. 91; *Cogan* v. *Cook*, 22 Minn. 137.)

A quitclaim deed implies a doubtful title. A purchaser who acquires his title by a quitclaim deed cannot be regarded as a *bona fide* purchaser without notice, but takes only such title as the grantor can lawfully convey. (*McAdow* v. *Black*, 6 Mont. 601, 13 Pac. 377.) A quitclaim deed implies a doubtful title in the grantor, and it should not be held to pass anything more than such a title. (*Butte Hdw. Co.* v. *Frank*, 25 Mont. 344, 65 Pac. 1.) A purchaser under a quitclaim deed takes only such title as the grantor has and subject to any prior deed by the grantor to the same property. (*Wetzstein* v. *Largey*, 27 Mont. 212, 70 Pac. 717; *Gibson* v. *Morris State Bank*, 49 Mont. 60, 140 Pac. 76.)

HONORABLE JERE B. LESLIE, a Judge of the Eighth Judicial District, sitting in place of the Chief Justice, delivered the opinion of the court.

This action was brought by Linus Lindeman against John F. Pinson and Bertha Pinson, his wife, to recover damages for the breach of a contract entered into between the parties on the second day of November, 1912, whereby defendants agreed to sell and convey to the plaintiff lots 11 and 12, in block 7, Syndicate Addition to Deer Lodge, Montana, upon payment to them of the agreed purchase price. By the terms of the contract, which is set forth in full in plaintiff's second amended complaint, the plaintiff was obligated to pay $10 cash upon the execution of the

agreement and $165 in monthly installments of $10 each, with annual interest upon the deferred payments until the purchase price should be paid. With respect to defendant's liability under the contract, after complete payment to them, it reads: "When the vendee has fulfilled all the conditions of this contract a good and sufficient deed shall be executed by the vendors, their heirs, executors or administrators, to the vendee, his heirs or assigns."

In view of the admissions of counsel for both parties at the trial, the cause was relieved of all questions of fact except as to the character of title held by the defendants to said lots, and it is unimportant to refer further to the pleadings. The cause was tried by the court sitting without a jury, resulting in a judgment for the plaintiff. Defendants have appealed from the judgment and from an order denying them a new trial.

It was admitted on the trial that the plaintiff had complied with all of the conditions imposed upon him by the terms of the contract, and, further, that before the institution of this action and again at the trial, the defendants tendered to the plaintiff a quitclaim deed to said lots sufficient in form as a quitclaim deed. Thereupon, for the purpose of showing the source of title in defendants to the lots in question, plaintiff introduced five separate deeds. The first a tax deed, dated March 31, 1894, from the county treasurer of Deer Lodge county, assuming to convey to Christian Schurch 247 lots in 21 different blocks in the Syndicate Addition to Deer Lodge, and including the lots in controversy. The next, a quitclaim deed dated May 5, 1894, from Christian Schurch and wife to T. E. Crutcher, conveying, among others, the said lots 11 and 12. Another, dated June 28, 1905, from Thomas E. Crutcher, quitclaiming said two lots to Edward Scharnikow. A bargain and sale deed dated December 12, 1908, conveying said lots from said Scharnikow and wife to L. C. Beattie, and, finally, a quitclaim deed dated December 3, 1912, from L. C. Beattie to J. F. Pinson.

The defendant J. F. Pinson and W. E. Keeley were sworn and testified as witnesses on behalf of defendants, but their tes-

timony throws no light upon the subject matter involved in this case. The above-noted admissions of the parties at the trial, the deeds above referred to, and the unimportant testimony of said Pinson and Keeley, constitute the sum of the testimony in the case, and the determination of the rights of the parties resolves itself into the solution of the question whether the tender of the quitclaim deed to the plaintiff was a sufficient compliance on the part of the defendants, with the terms of their contract.

The tax deed received in evidence in the case shows on its face that certain lots variously numbered, consisting of about [1]    247, and situated in 21 different blocks, ranging in their numbers from 1 to 151, in the Syndicate Addition to Deer Lodge, and embracing said lots 11 and 12 in block 7, were assessed all together, and that they were sold *en masse* for $21, "being the whole amount of the taxes, interest and costs then due and remaining unpaid on said property." As was said in *North Real Estate, L. & T. Co.* v. *Billings, L. & T. Co.*, 36 Mont. 356, 367, 93 Pac. 40, 44: "We know, of course, that blocks in cities and towns are bounded by streets and alleys, and it therefore follows that the lots in these different blocks could not be adjoining lots. * * * Under the statute there is no doubt that a deed would not be invalid because it conveys a number of lots or parcels of land; but it is equally clear to us that, where a deed shows on its face that several noncontiguous parcels of property were sold *en masse*, the deed is void." In *Horsky* v. *McKennan*, 53 Mont. 50, 61, 162 Pac. 376, 379, a case bearing facts with respect to assessment, tax sale procedure and deed, similar to this case, it is said: "We entertain no doubt that such a sale as this deed discloses was in contravention of the law and a deed which shows it is void on its face"—citing the first above-named case and *Rush* v. *Lewis & Clark County*, 36 Mont. 566, 93 Pac. 943. A further discussion of the invalidity of the tax deed in this case is needless.

Schurch acquired no title to the lots herein involved, and the [2]    defendants, claiming to derive title through that source, stand in no better situation. When they obligated themselves to execute "a good and sufficient deed" to their vendee, some-

thing more was contemplated by all of the parties than the execution and delivery of a quitclaim deed "sufficient in form" but barren of substance. A covenant to execute and deliver a good and sufficient deed imports that the vendor will furnish a good title to the land in question. A purchaser may bargain for a doubtful title, but he should not be held to have done so unless upon satisfactory evidence it appears that it was his intention so to do. The record in this case discloses nothing that militates against the conclusion that it was the intention of the parties, embodied in their contract, that the plaintiff should pay the agreed price for the lots, and when he did so that the defendants would execute to him a deed conveying to him a good title to the same. Many of the cases bearing upon this subject may be found in 39 Cyc. cited in support of the text, at pages 1442 and 1484–1486.

The quitclaim deed tendered to the plaintiff by the defendants was a nullity, and at best could have conveyed only such title as the grantors had at the time of its execution. (*Wetzstein* v. *Largey,* 27 Mont. 212, 70 Pac. 717.)

Counsel for appellants in his brief invokes the provisions of section 2654, Revised Codes, as amended by Chapter 50 of the [3] Session Laws of 1909. It has no force or effect as disclosed by the record in this case, and any discussion upon the subject with respect thereto is foreclosed by what was said in *Horsky* v. *McKennan,* at page 64 of 53 Mont., 162 Pac. 376, *supra.* This being an action for breach of contract, and the plaintiff having sustained by ample proof the burden of the alleged breach by the defendants, the other assignments are not deserving of further consideration.

No error appearing in the record, the judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.