## BAKER v. ROGERS et al.

No. 19901. Opinion Filed April 28, 1931.

Anglin & Stevenson and Forrest M. Darrough, for plaintiff in error.

Orr & Woodford and Cochran & Noble, for defendants in error.

HEFNER, J. On October 17, 1928, A. H. Thomas became the owner of a 40-acre tract of land in Seminole county, Okla. At the time he acquired title thereto the taxes for the year 1917 were unpaid and the land was sold to the county for taxes at a delinquent tax sale held November 4, 1918. Thereafter W. C. Foster paid the taxes and received a certificate of purchase from the county treasurer. A tax deed was issued to him by the county on the 14th day of March, 1923, and the same was placed of record March 22, 1924. On December 24, 1923, and after the execution of the tax deed, but before the same was placed of record, A. H. Thomas, the original owner, conveyed the premises to Essie Leverett, but reserved an undivided one-fourth interest in the oil and gas and other mineral rights.

Thereafter Essie Leverett conveyed the premises to Frank A. Baker, plaintiff herein, subject to a reservation of a one-fourth interest in the mineral rights. Baker shortly thereafter also procured a quitclaim deed from Foster. After the execution and recording of the tax deed by Baker, A. H. Thomas, the original owner, executed to B. H. Rogers an oil and gas lease in and to an undivided one-fourth interest in the premises, and also executed a mineral deed to such interest to W. G. Rogers. These instruments were placed of record in August, 1927. After these instruments were placed of record, Baker, plaintiff herein, brought this action against W. G. Rogers and B. H. Rogers to cancel them and remove the same as a cloud upon his title. In the trial of the case plaintiff relied on the tax deed as a bar to the rights of defendants under their oil lease and mineral grant. Defendants defended on the ground that the tax deed was void. The trial court sustained their contention and rendered judgment accordingly.

The tax deed is assailed by defendants on numerous grounds. We need consider but one.

Section 9749, C. O. S. 1921, provides that before the holder of a certificate of purchase shall be entitled to a tax deed he shall cause a written notice to be personally served on the owner of the land, if a resident of the state, that unless redemption be made within 60 days a tax deed will be demanded and issued as provided by law. The notice therein provided was not served upon the owner. The record discloses that he was at the time a resident of the state and resided at Okmulgee, Okla. There is no showing by affidavit or otherwise that the owner in any manner concealed himself or that his residence was unknown, nor was there any other showing made that would excuse the failure to serve personal notice upon him. It is the contention of the defendants that the failure to serve this notice upon the owner rendered the tax sale void upon the face of the record, and that they were therefore entitled to judgment.

Plaintiff contends that the failure to so give the notice constitutes a mere irregularity which was cured by the recital in the tax deed that proper service was had; that the tax deed is regular on its face and that the deed cannot be assailed by reason of this irregularity because the action was not commenced until more than one year after the recording of the tax deed, and that the same is therefore barred by limitation.

This contention was decided adversely to plaintiff by this court in the case of Lind v. Stubblefield, 138 Okla. 280, 282 Pac. 365. It is there said:

"An action to set aside a tax deed for failure of the certificate holder to serve notice of his intention to apply for a tax deed, as required by section 9749, Comp.

Stat. 1921, is not within section 9753 of the same statutes, prescribing a one-year statute of limitations; the omission complained of being a jurisdictional defect and rendering the tax deed void."

Under the rule announced in the above case, judgment of the trial court must be, and the same is, affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

RILEY, J., dissents.

ANDREWS, J., absent.