## SAVERY v. GRAVES FARM LOAN INV. CO. et al.

No. 20904.   Opinion Filed May 17, 1932.

Twyford & Smith, L. G. Mann, and G. L. Gibbs, for plaintiff in error.

T. G. Carr and H. C. Ray, for defendants in error.

HEFNER, J. This is an action brought in the district court of McCurtain county by the Graves Farm Loan Investment Company and another against J. W. and Carrie DeWitt and R. S. Savery to recover the sum of $1,400, with interest and attorney's fees on a promissory note executed by the DeWitts and to foreclose a real estate mortgage given to secure the same. On motion of defendants DeWitt, H. C. Perkins and C. R. O'Neal were made parties defendant, and, on cross-petition of the DeWitts, judgment was granted them over and against their codefendants Perkins and O'Neal. No complaint is made to this portion of the judgment, and it therefore requires no further consideration. Defendant Savery filed an answer claiming title superior to that of plaintiffs under and by virtue of a tax deed. The trial was to the court and resulted in a judgment in favor of plaintiffs, foreclosing their mortgage and canceling the tax deed of defendant, upon payment to him of all past-due taxes, penalties, and interest. Defendant Savery has appealed, and asserts that the court erred as a matter of law in holding the tax deed void and in canceling the same.

Plaintiffs, in their petition, among other grounds for cancellation of the deed, allege that defendant Savery failed to serve notice upon them of his intention to apply for a tax deed, and that the same is for this reason void.

The record discloses that the only notice served by appellant of his intention to apply for a tax deed was upon J. W. DeWitt, the owner of the land. The holder of the mortgage against the land was entitled to notice as well as the owner. In Foster v. Marshall, 141 Okla. 246, 284 P. 882, the following rule is announced:

"In a proceeding to obtain a tax deed to land sold for delinquent taxes, where the holder of the tax sale certificate omits to give notice to a mortgagee, as well as to the owner, to redeem, the lien of the mortgage is not divested or in any way impaired by the execution of a tax deed, by reason of section 7, article 2, of the Constitution of this state, and the due process clause of the Fourteenth Amendment to the federal Constitution."

This case is decisive of the case here involved, and the court ruled correctly in holding appellant's tax deed void as against the mortgage of plaintiffs.

The trial court was also correct in holding that appellant was entitled to recover from plaintiffs the amount of taxes, penalties, and interest paid by him on the land. In the Foster Case, supra, this court said:

"In the case at bar, the tax deed not being void, as against the owner of the legal title to the land at the time the tax deed was issued, the grantee in the tax deed is entitled to be compensated for the amount of taxes which he has paid on the land, together with the prescribed interest and penalties up to the time he was tendered the amount by plaintiff."

The judgment of the trial court is affirmed.

CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY and ANDREWS, JJ., absent.