SMALL, RESPONDENT, *v.* HULL ET AL., APPELLANTS.

(No. 7,177.)

(Submitted February 5, 1934. Decided April 14, 1934.)

[32 Pac. (2d) 4.]

526

*Mr. S. J. Rigney,* for Appellants, submitted a brief and argued the cause orally.

*Messrs. Cooper, Stephenson & Hoover, Mr. John G. Brown* and *Mr. S. B. Chase, Jr.,* for Respondent, submitted an original and a supplemental brief; *Mr. W. H. Hoover* argued the cause orally.

528

*Mr. George E. Hurd, Amicus Curiae,* submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was brought to quiet title to forty acres of land situated in Glacier county, described as the northeast quarter of the northwest quarter of section 13, township 35 north, range 6 west. The complaint is in the usual form.

Veda G. Hull, and C. E. Frisbee as guardian of the estate of Eugene, Evelyn and Eileen Hull, minors, allege in their answer that they are the owners of the above-described land as heirs of Roy C. Hull, deceased. They allege that plaintiff's claim to ownership is based upon a tax deed which, they allege, is void for several reasons. Plaintiff by reply pleads that defendants are barred from asserting the invalidity of the tax deed because of Chapter 85, Laws of 1927.

It appears from the record, either by admissions in the pleadings or by uncontradicted evidence, that the lands described in the complaint, together with 160 acres adjoining, were patented to Roy C. Hull on April 2, 1917. Roy C. Hull executed a mortgage to the Farmers' State Bank of Cut Bank, covering the 160 acres but not the 40 acres referred to in

the complaint. The mortgage was foreclosed and a sheriff's deed covering the 160 acres was executed to G. M. Robertson, receiver of the bank, on December 6, 1926. Roy C. Hull died on July 14, 1925, and Veda G. Hull was appointed administratrix of his estate on August 5, 1925. In 1919, taxes on the entire 200 acres being delinquent, the property was advertised for sale in January, 1920, and struck off to Glacier county. On September 1, 1927, a tax deed issued to Glacier county. On May 7, 1931, the county executed a quitclaim deed to plaintiff.

None of the answering defendants, nor Veda G. Hull, as administratrix, had notice of any of the proceedings resulting in the tax deed, and none of them had notice that a tax deed had been applied for. The notice of application for tax deed described the entire 200 acres as one tract, notwithstanding ownership had been segregated, and the amount stated in the notice as necessary to redeem the 40 acres here involved was not separately stated. The notice stated that the amount required to redeem the land was $742.48, whereas, so far as the 40-acre tract was concerned, the correct amount necessary to redeem was shown to be $88.26. The notice of application for the deed did not set out the names of the respective owners of the property, and it was not served upon any of the answering defendants who are heirs of Roy C. Hull. The notice was posted somewhere on the 200-acre tract, but whether on the 40-acre tract here involved does not appear. The only notice served was one served upon the owners of the 160 acres not here involved. Defendants showed their readiness, willingness and ability to pay all taxes, interest, and penalty for the years since and including 1919, in case the tax deed be set aside.

The court found for plaintiff and entered a decree quieting title in him. Defendants appealed from the judgment.

The determinative question is whether the defendants are barred from asserting any interest in the property because of Chapter 85, Laws of 1927. Section 1 of the chapter provides in part: "Such deed, duly acknowledged or proved is (except

as against fraud) conclusive evidence of all other proceedings from the assessment by the assessor up to the execution of the deed, both inclusive, and no action can be maintained to set aside or annul a tax deed or to assert a title hostile to a tax deed upon any ground whatever, whether on the ground that said deed, or any prior proceeding, was irregular or void, other than that the deed was void because no taxes were delinquent on said lands, or because redemption had been made from said tax sale, unless the action is commenced within one year from and after the date of the issuance of said tax deed.''

Section 2209, Revised Codes 1921, required the purchaser of property sold for delinquent taxes, thirty days previous to the expiration of the time for redemption, or thirty days before he applies for a deed, to serve upon the owner of the property purchased, if known, a written notice showing, among other things, the time when the right of redemption will expire or when the purchaser will apply for a deed, and provides that the owner has the right of redemption indefinitely until such notice has been given and the deed applied for.

If the property has been struck off to the county, as here, the same notice must be given as in the case of an individual purchaser. (*Harrington* v. *McLean*, 70 Mont. 51, 223 Pac. 912; *Tilden* v. *Chouteau County*, 85 Mont. 398, 279 Pac. 231.) A deed issued without the prescribed notice of application is void. (*Whitcomb* v. *Vaughan*, 149 Okl. 81, 299 Pac. 216; *Ulrickson* v. *Ulrickson*, 42 S. D. 225, 173 N. W. 742; *Decory* v. *Nelson*, 38 S. D. 53, 159 N. W. 887; *Savery* v. *Graves Farm Loan Inv. Co.*, 157 Okl. 173, 11 Pac. (2d) 462; *Adams* v. *Rogers*, 158 Okl. 163, 13 Pac. (2d) 170; *Chicago, B. & Q. R. Co.* v. *Kelley*, 105 Iowa, 106, 74 N. W. 935; *Neilan* v. *Unity Inv. Co.*, 147 Iowa, 677, 126 N. W. 947.; *Tax Securities Corp.* v. *Borland*, 103 Fla. 63, 137 So. 151.)

The deed in question here recites that the grantee had given the necessary notice of application for the deed, as required by law; hence the deed, so far as this point is concerned, is not void on its face, but is shown to be void by reference to the affidavit filed pursuant to section 2212, which shows on its face

that the notice was not served upon the owners of the forty acres in question here. Therefore we are brought to the question whether Chapter 85, supra, bars defendants from now asserting that the deed was void for want of such service.

Chapter 85, though it attempts to make the deed conclusive ▮▮ evidence of all proceedings from the assessment by the assessor up to the execution of the deed (except as against fraud), does not prevent the true owner from showing a want of notice in the tax proceedings. (*Marx* v. *Hanthorn,* 148 U. S. 172, 13 Sup. Ct. 508, 37 L. Ed. 410.) It was proper, therefore, to receive evidence showing that no notice of application for the deed was in fact served upon these defendants, and particularly when that fact appears upon the face of the affidavit filed as the basis for the issuance of the deed. (*Harrington* v. *McLean,* supra; *Gallash* v. *Willis,* 90 Mont. 148, 300 Pac. 569.) The other portions of Chapter 85, above quoted, make it one of limitations. (*Turner* v. *People of State of New York,* 168 U. S. 90, 18 Sup. Ct. 38, 42 L. Ed. 392; *Couch* v. *Chase,* 91 Mont. 234, 6 Pac. (2d) 867.)

Prior statutes very similar to Chapter 85 have been held by this court, in line with the holding of other courts, not to have application to a deed void on its face. (*Horsky* v. *McKennan,* 53 Mont. 50, 162 Pac. 376; *Lindeman* v. *Pinson,* 54 Mont. 466, 171 Pac. 271.) Here, as above stated, the deed is not void on its face on the ground here considered.

The adjudicated cases are not in harmony as to the effect of a short statute of limitations on a tax deed shown to be void on jurisdictional grounds. The courts of New York have held that such a statute bars an action for jurisdictional defects, as well as for irregularities. (*Meigs* v. *Roberts,* 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322; *Halsted* v. *Silberstein,* 196 N. Y. 1, 89 N. E. 443; *Doud* v. *Huntington Hebrew Congregation,* 178 App. Div. 748, 165 N. Y. Supp. 908; *Dunkum* v. *Maceck Bldg. Corp.,* 256 N. Y. 275, 178 N. E. 392; *Mabie* v. *Fuller,* 255 N. Y. 194, 174 N. E. 450.) Such is also the holding of the supreme court of Washington. (*Jorgensen* v. *Thurston County,* 145 Wash. 282, 259 Pac. 720.)

The Supreme Court of the United States has also so held. (*Saranac Land & Timber Co.* v. *Roberts,* 177 U. S. 318, 20 Sup. Ct. 642, 44 L. Ed. 786.) As appears from the briefs of counsel in the *Horsky Case,* supra, the *Saranac Case* was called to the attention of this court but it declined to follow it. The United States Supreme Court announced a contrary view in *Bird* v. *Benlisa,* 142 U. S. 664, 12 Sup. Ct. 323, 35 L. Ed. 1151, and particularly where the deed was void on its face. (*Redfield* v. *Parks,* 132 U. S. 239, 10 Sup. Ct. 83, 33 L. Ed. 327.)

Under a statute such as ours, where the question of possession of the property covered by the tax deed is not provided for, the better reasoned cases hold that the issuance of a tax deed void for want of notice of application for the deed, does not start the running of the statute of limitations.

In *Cain* v. *Ehrler,* 33 S. D. 536, 146 N. W. 694, 695, there was a failure to give notice of application for a tax deed. The court held that the three-year statute of limitations (Pol. Code, sec. 2214), similar to ours, was not set in motion by the recording of the deed. It said: "Upon its face, this section of the statute purports to bar all former owners of land and their successors in interest from commencing any action to recover land that has been sold for non-payment of taxes, or to assert their claim thereto, unless the same is commenced within three years after recording the tax deed. The language of the statute is very broad, and includes every case where land has been sold and conveyed for non-payment of taxes. It makes no allowance for infancy or other disability, or for lack of authority or jurisdiction on the part of the officer issuing the deed, and, if accepted literally, it would be immaterial by what authority or under what condition a county treasurer issued a tax deed. Even though redemption had already been made, or where no tax had ever been levied, or if the land affected were not taxable when the tax was levied, if the former owner did not commence his action to have such deed canceled within three years after it had been recorded, he would be forever barred from asserting his claim. No such effect, however, has been accorded to this statute by the courts;

and to permit such a result would be a violation of section 2, Article 6, of the Constitution. Most, if not all, of the states have short statutes similar to the one under consideration relative to tax deeds, but it is generally held that there are certain defects in the proceedings leading up to the issuance of the tax deed, or that may appear upon the tax deed itself, that will prevent the running of such statutes.'' The conclusion was adhered to on rehearing. (*Cain* v. *Ehrler*, 36 S. D. 127, 153 N. W. 941, 944.) The court on rehearing discussed a statute similar to our section 2209, which gives a taxpayer the right of redemption until the expiration of the time fixed in the notice of application for a deed, and said: ''It is argued by respondent —and with much plausibility—that a man ought to pay his taxes when they become due, that he knows what the consequences will be if he does not pay, and that he has no right to complain if his land is sold when he fails to pay within the time allowed for that purpose. This may all be true, and yet a property owner cannot be penalized nor be deprived of his property for using all the time the law allows him for the payment of his taxes. The law fixes the time when taxes shall become due, and when they shall become delinquent; but it also, in effect, says to the property owner that, upon the payment of a certain penalty and interest, he may extend the time of payment to the time of the annual tax sale. If he does not pay before the time fixed for sale, his land is sold, but he is still given the right to redeem; and, for this purpose, the law says to him that he may take at least two years, and after that until such time as he is given notice that his right is about to expire, and that a deed will issue unless he pays within a fixed period of time after receiving such notice. It would not be contended for a minute that a tax deed issued less than two years after the sale would put the three-year statute in operation; yet the situation is exactly the same where a deed is issued without notice more than two years after the sale, for it must be borne in mind that the two-year period within which the treasurer is prohibited from executing a deed is not a limitation upon the property owner's right of

redemption, but merely fixes a minimum period within which his right of redemption can in no event be cut off. The law does not merely require the giving of notice before the tax deed can issue. It expressly extends to the property owner the right of redemption until such time as the notice is given. The right of redemption then becomes a vested property right, and one of which he can be legally deprived only in the manner provided by law, to-wit, the giving of the notice. The law, by its terms, gives to the notice the dignity of process of law, and to deprive him of his property, without giving him this notice, is to deprive him of his property without due process of law. The giving of this notice is just as much a prerequisite to the issuance of a tax deed that will bar the right of redemption as the service of a summons is a prerequisite to the entry of a valid judgment.''

In the case of *Lind* v. *Stubblefield*, 138 Okl. 280, 282 Pac. 365, 366, in speaking of this precise question, the court said: ''In the present case the plaintiff alleged a failure of notice; that is, a failure to give the owner the written notice provided by section 9749, Comp. Okl. Stat. 1921. Notice in this connection is analogous to process in the courts; and it is well known that a judgment, even so solemn a document as it is, is absolutely void unless the defendant has been served with process, with personal service, or some substituted service, provided by law. Otherwise he is deprived of his property without due process of law. And a judgment is equally as void, where it recites on its face that the defendant has been served with regular process, as any other void judgment, *when the judgment roll or the proceedings disclose that the defendant has not been served with process*. A judgment of this character is void, absolutely void, and can be stricken down at any time. (*Pettis* v. *Johnston*, 78 Okl. 277, 190 Pac. 681.) The fact that the deed in the present case recited that proper notice was given did not bolster the title. The invalidity of a tax title or the rights of the owner of land must depend upon a more substantial basis than a mere recital in a deed. If certain vital requirements are lacking in a proceeding, their

necessity cannot be removed, and a fundamentally defective title cannot be made a good title by simply drafting a good and proper tax deed.''

Cases reaching the same result, where there were jurisdictional defects rendering the deed void, are: *Baker* v. *Rogers,* 148 Okl. 279, 1 Pac. (2d) 366; *Ashur* v. *McCreery,* 150 Okl. 111, 300 Pac. 767; *Jones* v. *McGrath,* 160 Okl. 211, 16 Pac. (2d) 853; *Urquhart* v. *Wescott,* 65 Wis. 135, 26 N. W. 552; *Neilan* v. *Unity Inv. Co.,* supra; *Shelley* v. *Smith,* 97, Iowa, 259, 66 N. W. 172; *Mote* v. *Thompson,* (Tex. Civ. App.) 156 S. W. 1105; *Harris* v. *Mason,* 120 Tenn. 668, 115 S. W. 1146, 25 L. R. A. (n. s.) 1011; *Wildman* v. *Enfield,* 174 Ark. 1005, 298 S. W. 196; *Clifford* v. *Hyde County,* 24 S. D. 237, 123 N. W. 872; see, also, 61 C. J. 1430, note 62; 26 R. C. L. 443.

In the New York cases cited, supra, the facts were materially different from those here. Under the statutes and the facts presented in those cases the original owner had notice when the statute of limitations would begin to run against him. The statute in those cases began to run either upon the recording of the deed or the taking possession by the purchaser, or both (*Meigs* v. *Roberts,* supra; *Halsted* v. *Silberstein,* supra; *Dunkum* v. *Maceck Bldg. Corp.,* supra; *Doud* v. *Huntington Hebrew Congregation,* supra), or at a specified time after "the day of the sale" (*Mabie* v. *Fuller,* supra).

We recognize the force of plaintiff's argument that the legislative intent and policy under Chapter 85 were to encourage the placing of property back on the tax rolls. This policy is adequately preserved by that chapter in requiring the original owner to pay all taxes, interest and penalty and to make restitution for all improvements made on the property, as a condition to the right to set aside a tax deed. This policy can furnish no justification for cutting off the right of the original owner to attack the tax deed when there was want of notice to him of the application for the deed. The necessity of this notice is still preserved by legislative amendments of section 2209 (Chap. 156, Laws of 1929, Chap. 190, Laws of 1933). The statute, so far as it attempts to bar the owner's

right to attack a deed issued without the notice of application therefor amounts to a taking of his property without due process of law. Under such a situation he has no notice as to when the statute begins to run against him. In such a case the statute is no more a bar than in a case such as that involved in the *Horsky Case* where the deed was void on its face. Where the original owner has had no notice of application for the deed, the statute must make some provision whereby he is given notice, actual or constructive, that the statute is running against him, before the deed can be made conclusive against him within a specified time after its issuance.

The judgment appealed from is reversed and the cause remanded, with directions to. enter judgment quieting title in defendants and for their costs, upon payment by them of all taxes, penalty and interest.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.

Rehearing denied May 2, 1934.